148 N.J. Super. 294 (1977)
372 A.2d 642
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GEORGE R. HILD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 21, 1977.
Decided March 25, 1977.
*295 Before Judges FRITZ, ARD and PRESSLER.
Messrs. Gold & Macri, attorneys for appellant (Mr. Jack Gold on the brief).
Mr. George T. Daggett, Sussex County Prosecutor, attorney for respondent (Mr. Jared L. McDavit, Assistant Prosecutor, of counsel) filed a statement in lieu of brief.
PER CURIAM.
This is an appeal from a conviction in the County Court, on a trial de novo on the record below after conviction in the municipal court for driving while impaired (N.J.S.A. 39:4-50(b)) and speeding (N.J.S.A. 39: 4-98).
The only point urged on the appeal is that the judgment was against the weight of the evidence.
The entire "statement of facts" in appellant's brief reads as follows:
On July 25, 1975, the defendant was operating his motor vehicle in the Township of Andover, and was issued two motor vehicle summonses. Summons No. 739, driving while under the influence of alcohol, and Summons No. 740, speeding. Defendant was asked to perform certain tests on the roadway, and was subsequently arrested and transported to the Police Headquarters.
At the Police Headquarters, the defendant submitted to three breatholyzer [sic] tests.
At the trial, the results of the breatholyzer tests were admitted into evidence over the objection of the defendant, an [sic] the defendant was found guilty of 39:4-50(B) and of speeding.
The entire argument submitted in the brief reads:
It is the duty of the State to prove the defendant guilty beyond a reasonable doubt. A reading of the trial transcript and the appellate transcript clearly indicates that the Judgment of the Court was against the weight of the evidence and that the Court committed *296 error in allowing the results of the breatholyzer tests into evidence.
The defendant will rely upon all of the arguments set forth in the Municipal Court transcript and the Appellate Court transcript.
Our rules clearly impose upon the attorneys for the parties to the appeal the absolute duty to make unnecessary an independent examination of the record by the court, R. 2:6-9, even though the court inevitably undertakes to review the record for itself. Supporting legal argument with appropriate record reference seems not only a common courtesy, but indeed the mark of a professional intent on presenting his client's case in the most persuasive setting available. A cavalier instruction to the court that a reading of two transcripts "clearly indicates" the judgment was against the weight of the evidence and that the trial judge committed error is not a brief.
The burden of the parties to provide the law for the court is as great. R. 2:6-9. Despite the fact that independent research by the court is, to a greater or lesser extent, the invariable rule, the parties may not escape their initial obligation to justify their positions by specific reference to legal authority. Paucity of such reference suggests a like paucity of authority helpful to the party. The absence of any reference to the law, as here, suggests as well a regrettable and reprehensible indifference on the part of the brief writer not only to the rules but to the interest of the client as well.
As though the inadequacies in these respects in the matter before us were not enough to merit censure, additionally we have not been provided with the municipal court transcript. Only a transcript of the argument in the County Court was filed  and the prodding of a deficiency letter from our clerk was necessary to produce even that.
The brief is suppressed and costs in the amount of $250 are assessed against appellant's attorney to be paid to the Clerk of the Superior Court. R. 2:6-9. Appellant shall have until April 15, 1977 to file transcripts (R. 2:6-12(d)) of the proceedings in the municipal court, and shall on or before *297 that time serve and file a new brief and appendix on the appeal. The State shall serve and file a responsive brief, and appendix if necessary, not later than 30 days after service of appellant's brief.
In the event the transcript is not filed or appellant's brief and appendix are not served and filed within the time limited the appeal shall be dismissed without further notice.