**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4230-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THEODORE G. HARRIS,

    Defendant-Appellant.

_____

Submitted March 7, 2017 — Decided July 5, 2017

Before Judges Koblitz and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Indictment No.
06-11-2591.

Joseph E. Krakora, Public Defender, attorney
for appellant (David A. Gies, Designated
Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County
Prosecutor, attorney for respondent (Mary R.
Juliano, Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

    Defendant Theodore G. Harris appeals from a February 6, 2015

order denying his petition for post-conviction relief (PCR)

without an evidentiary hearing. A jury convicted defendant for the "shooting death of his live-in girlfriend's son, Duwuan Potter, and the non-fatal shootings of the girlfriend, Dawn Potter, and an innocent bystander, George Williams[,]" and pointing a firearm at a law enforcement officer, Lorenzo Pettway. State v. Harris, No. A-5809-08, (App. Div. July 31, 2012) (slip op. at 1), certif. denied, 213 N.J. 397 (2013). He is serving a custodial term of sixty years with fifty-three years of parole ineligibility. He alleges ineffective assistance of trial and appellate counsel. We affirm.

In our opinion on direct appeal, we related in detail the facts underlying defendant's convictions. State v. Harris, supra, slip op. at 2-5. We need not repeat them here.

On direct appeal, defendant raised the following points:

> POINT I: THE PROSECUTOR'S CROSS-EXAMINATION AND COMMENTS REGARDING DEFENDANT'S DELAY IN CLAIMING SELF-DEFENSE WAS GROSSLY IMPROPER AND DENIED DEFENDANT A FAIR TRIAL.
>
> POINT II: IT WAS ERROR FOR THE COURT TO REFUSE TO PERMIT ADMISSION OF CERTAIN STATEMENTS MADE BY DEFENDANT TO THE POLICE FOLLOWING HIS ARREST.
>
> POINT III: SINCE NEITHER DEFENDANT NOR THE CO-OCCUPANT OF THE MOTEL ROOM WERE PROPERLY INFORMED OF THEIR RIGHT TO REFUSE TO CONSENT TO A SEARCH THE MOTION TO SUPPRESS SHOULD HAVE BEEN GRANTED.

POINT IV: THE TESTIMONY OF SGT. MEANY THAT DEFENDANT WAS NOT REMORSEFUL WAS IMPROPER EVIDENCE THAT DEPRIVED DEFENDANT [OF] A FAIR TRIAL. (Not Raised Below.)

POINT V: CERTAIN CONDUCT AND STATEMENTS BY THE PROSECUTOR CONSTITUTED PROSECUTORIAL MISCONDUCT WHICH DENIED DEFENDANT A FAIR TRIAL.

POINT VI: THE DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO A FAIR TRIAL AND HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS BY THE TRIAL COURT'S PRECLUDING THE ADMISSION OF CERTAIN EVIDENCE.

POINT VII: THE ADMISSION OF THE VHS TAPE AND TRANSCRIPT OF DEFENDANT'S STATEMENT TO THE POLICE IN THE STATE'S REBUTTAL CASE WAS ERROR.

POINT VIII: THE AGGREGATE SENTENCE IMPOSED UPON DEFENDANT OF 60 YEARS WITH 30 YEARS OF PAROLE INELIGIBILITY WAS EXCESSIVE AND SHOULD BE MODIFIED AND REDUCED. (Not Raised Below.)

POINT IX: THE AGGREGATE ERRORS DENIED DEFENDANT A FAIR TRIAL. (Not Raised Below.)

We affirmed, remanding only for resentencing.

Defendant raises the following issues in his PCR appeal:

POINT ONE: THE PCR COURT FAILED TO ADDRESS THE DEFENDANT'S ARGUMENT THAT HIS TRIAL ATTORNEY ERRED WHERE SHE DID NOT OBJECT TO THE PROSECUTOR'S IMPROPER COMMENTS DURING SUMMATION.

POINT TWO: THE DEFENDANT SET FORTH A PRIMA FACIE CASE THAT HIS TRIAL ATTORNEY WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE TRIAL COURT'S JURY INSTRUCTION REGARDING SELF-DEFENSE.

<u>POINT THREE</u>: THE DEFENDANT INCORPORATES HEREIN ALL OF THE ARGUMENTS FOR POST-CONVICTION RELIEF SET FORTH IN THE PCR BRIEF FILED BY HIS TRIAL ATTORNEY.

In Point One, defendant argues counsel failed to object to the prosecutor's summation comments that: (1) improperly discredited his self-defense claim by pointing out that it was raised two and one-half years after the incident, that he did not present his theory that Duwuan was armed prior to trial, and stated that there was no justification for shooting his girlfriend's son; (2) erroneously questioned why defendant did not present, as a witness, a woman with whom he was having an affair and who was present at the shooting; and (3) there was no evidence to support defendant's claim that his girlfriend and her son were "gun-toting drug dealers." He further argues that Judge John T. Mullaney did not address these issues in his decision. We disagree.

In a twenty-two-page rider to the February 6 order denying PCR, Judge Mullaney correctly determined that defendant's contentions were barred by <u>Rule</u> 3:22-5 because the identical claim was raised and adjudicated on the merits before the trial court. "A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal

A-4230-14T1

taken from such proceedings." R. 3:22-5. Post-conviction relief proceedings are not an opportunity to re-litigate claims already decided on the merits in prior proceedings. State v. McQuaid, 147 N.J. 464, 483 (1997); R. 3:22-5. If an issue has been determined on the merits in a prior appeal, it cannot be re-litigated in a later appeal of the same case, even if the matter is of constitutional dimension. McQuaid, supra, 147 N.J. at 483-84; State v. White, 260 N.J. Super. 531, 538 (App. Div. 1992), certif. denied, 133 N.J. 436 (1993).

Defendant's contentions are substantially similar to the issues raised and adjudicated in Points I, II and V of his direct appeal, where he argued that the prosecutor's cross-examination regarding defendant's delay in claiming self-defense and the prosecutor's comments during summation were improper and denied him a fair trial. State v. Harris, supra, slip op. at 13. We disagreed, deciding that the prosecutor properly questioned defendant about, and highlighted in summation, the inconsistencies between defendant's statements to police and his trial testimony. Id. at 16. We also decided that defendant's additional contentions about prosecutorial misconduct were without merit. Ibid. Thus, we conclude defendant's claims that he was prejudiced by the trial judge's comments to his counsel are procedurally barred by Rule 3:22-5 as they were previously litigated. We furthermore reject

the arguments as lacking sufficient merit to justify discussion in an opinion pursuant to Rule 2:11-3(e)(2).

In Point Two, defendant contends that trial counsel was ineffective for not objecting to jury instructions that did not advise the jury "that the State must disprove self-defense as an element or murder, akin to the passion/provocation instruction, [and] requires the reversal of [his] murder conviction and a remand for a new trial." Judge Mullaney correctly determined that defendant's contention lacks merit because he failed to set forth factual assertions supporting his claim. The judge stated:

> [Defendant] provides no argument in support of his claim and this [c]ourt will not make an argument for him. It has been held that in order "[t]o establish a prima facie case, petitioner must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the petitioner, will ultimately succeed on the merits." R. 3:22-10(b). However, a [defendant] "must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." [State v. Cummings 321 N.J. Super. 154, 170 (App. Div. 1999)].

We reject defendant's argument on appeal that his ineffectiveness claim regarding the jury charge was "more than sufficiently set forth in his pro se petition," because defendant again failed to support this argument with any fact, analysis or legal authority.

Lastly, in Point Three, defendant incorporates, in a summary fashion, the arguments his PCR attorney presented to Judge Mullaney. However, merely stating the judge erred without setting forth legal authority is procedurally deficient under Rule 2:6-2(a)(6). See State v. Hild, 148 N.J. Super. 294, 296 (App. Div. 1977)(holding that parties have a duty to justify their positions by specific reference to legal authority). Nonetheless, based upon our review of the record, we conclude these arguments lack sufficient merit to justify discussion in an opinion pursuant to Rule 2:11-3(e)(2), and we reject them for the reasons set forth in Judge Mullaney's written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4230-14T1