**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0353-15T2

M.E.M.,

    Plaintiff-Respondent,

v.

D.H.N., JR.,

    Defendant-Appellant.

_____

Argued Telephonically July 13, 2017 — Decided September 22, 2017

Before Judges Koblitz and Sumners.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1304-14.

D.H.N., Jr., appellant, argued the cause pro se.

Respondent has not filed a brief.

PER CURIAM

After relocating sixty miles away from where his children resided and voluntarily retiring from his employment, defendant sought to modify a Judgment of Divorce (JOD) by obtaining primary residential custody of his two youngest daughters, an adjustment of parenting time, and termination of child support. Plaintiff

filed a cross-motion seeking primary residential custody of the two daughters and other relief.

Defendant appeals subsequent orders of July 10, 2015, July 23, 2015, August 19, 2015,[1] and September 8, 2015. The Family Part judge, in pertinent part, ordered: appointment of a Guardian Ad Litem (GAL) for the two youngest daughters; an adjustment of parenting time and drop-off location; defendant to pay the balance of the GAL's fee, plaintiff's outstanding shares of the 2013 income tax refund and the proceeds from the sale of the marital home, and plaintiff's counsel fees for violation of litigant's rights; and plenary hearings, which resulted in plaintiff receiving primary residential custody of the daughters and an increase of defendant's child support. Having considered defendant's arguments in light of the record and applicable law, we affirm substantially for the reasons stated by the trial judge in her written statements of facts and conclusions of law.

The parties were divorced by entry of a JOD in February 2014. Germane to this appeal, the judgment incorporated a marital separation agreement (MSA), which provided that they have joint legal and residential custody of their three daughters, seventeen, fifteen, and twelve years old at the time, with shared parenting

---

[1] Two orders were issued on this date.

time. Nine months later, a court order was entered giving plaintiff sole residential custody of the oldest daughter due to changed circumstances. Thereafter, defendant retired and relocated sixty miles away from where his two youngest daughters resided with plaintiff, making the shared residential custody arrangement impractical. He subsequently filed a motion to obtain primary residential custody of his daughters and termination of child support; asserting that his new hometown has a better school system and is in an environmentally safer area.[2] Plaintiff cross-moved for: primary residential custody; modification of parenting time drop-off; recalculation of child support; full payment of her shares of the 2013 tax refund and the sale of the marital home; and sanctions against defendant for violations of court orders related to the distribution of marital assets.

On July 10, 2015, the trial judge entered an order denying much of the relief sought by the parties without prejudice pending a plenary hearing, and appointed a GAL for the daughters to issue a written recommendation regarding residential custody. R. 5:8B. Pertinent to this appeal, defendant was also ordered to pay

---

[2] Defendant sought custody of his middle daughter in the event that she not return to the parochial school she was attending. She did, however, return to the school.

plaintiff the balance of her shares of the 2013 income tax return and the sale of the marital home, in the amounts of $1,265 and $7,170.27, respectively, and attorney's fees in the amount of $1000 due to non-compliance and enforcement of court orders.[3] On July 23, the judge ordered that, subject to reallocation at the final hearing, defendant pay the remainder of the GAL's fees totaling $870.

At the plenary hearing, both parties testified and the GAL's report recommending that plaintiff receive primary residential custody of the daughters was admitted into evidence.[4] The next day, August 19, the judge issued an order with a statement of facts and conclusions of law awarding plaintiff primary residential custody of the children. The judge found that it was in the daughter's best interest to primarily live with plaintiff because their socialization and schooling had always been in the area where plaintiff lived. In finding there was a "toxic relationship between their parents[,]" the judge recognized the "potential negative impact of separating the three children and

---

[3] An issue related to the distribution of the parties' pension was amicably resolved when defendant agreed to execute a Qualified Domestic Relations Order.

[4] The GAL met with plaintiff and the children, but defendant declined to be interviewed. The judge determined that "defendant's explanation for not making any effort to participate based upon an unsuccessful emergent appeal was specious at best."

reducing their day to day contact and support with each other."

The judge rejected as unsubstantiated defendant's contention that there was a better school system where he lived. Defendant was designated as parent of alternate residence and was given parenting time "every other weekend from Friday evening - Sunday evening, and one (1) midweek, after school, parenting time event per week to be exercised in the area of the children's school and/or place of residence." Based upon the change in custody, the judge ordered recalculation of child support. In a separate order of the same date, the trial judge denied defendant's motion for reconsideration of the July 10 order for failure to attach a copy of that order, Rule 5:5-4(a), and for being untimely filed. R. 4:49-2.

On September 8, 2015, five days after a hearing, the judge issued an order with a statement of facts and conclusions of law providing that defendant's weekly child support would increase from $200 to $214 based upon plaintiff having primary residential custody and the Child Support Guidelines.[5] The judge rejected defendant's contention that his $54,161.04 annual retirement income should be used to calculate his support because he was eligible to retire and that plaintiff's frivolous and fabricated

_____

[5] The prior amount of support was set forth in the MSA and was not based upon the Child Support Guidelines.

conduct caused him to retire. The judge determined his rationale was not good cause; his retirement was voluntary and therefore imputed his last annual salary of $83,751.19. This appeal followed.

From what we can discern from defendant's rambling merits brief, he contends the judge ignored evidence and issued orders that are contrary to the MSA and have no basis in the law. Yet, he fails to cite any law to support his arguments, which is procedurally deficient under Rule 2:6-2(a)(6). See State v. Hild, 148 N.J. Super. 294, 296 (App. Div. 1977). Nonetheless, we reviewed the record and discern no reason to disturb the trial judge's orders.

It is well settled that we must defer to the trial judge's findings of fact if supported by sufficient credible evidence in the record. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). We also must "accord deference" to the factual findings of the Family Part because of that court's "special jurisdiction and expertise in family matters." Id. at 413. "Family Part judges are frequently called upon to make difficult and sensitive decisions regarding the safety and well-being of children." Hand v. Hand, 391 N.J. Super. 102, 111 (App. Div. 2007). Family Part judges have "special expertise in family

matters" and we will "not second-guess their findings and the exercise of their sound discretion." Ibid. An abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

On issues of custody, the best interests of the child is the court's primary consideration in custody cases. Kinsella v. Kinsella, 150 N.J. 276, 317 (1997). A judge has the discretion under Rule 5:8B(a) to appoint a GAL where there is a disagreement over custody or parenting time/visitation. Isaacson v. Isaacson, 348 N.J. Super. 560, 573 (App. Div.), certif. denied, 174 N.J. 364 (2002). A GAL "acts on behalf of the court for the benefit of the child and serves as an independent factfinder, investigator, and evaluator of what furthers the best interests of the child." Id. at 574 (citing Pressler, Current N.J. Court Rules, comment on R. 5:8B (2002)). Because the GAL acts on behalf of the court, he or she has "no perceived bias in favor of one parent's position[.]" Milne v. Goldenberg, 428 N.J. Super. 184, 201 (App. Div. 2012). Further, a GAL's role is merely advisory, as the court is not bound by a GAL's recommendations. Id. at 202. A court may not abdicate its decision-making to a GAL, although the court will

only run afoul of the rule, and abuse its discretion, if it "summarily adopt[s] the recommendations of the GAL."  See id. at 202-03.

Also reviewed for abuse of discretion are a trial judge's decisions to order payment of attorney's fees as a sanction and to modify child support.  R. 1:10-3; Addesa v. Addesa, 392 N.J. Super. 58, 78 (App. Div. 2007); Gnall v. Gnall, 432 N.J. Super. 129, 158 (App. Div. 2013), rev'd on other grounds, 222 N.J. 414 (2015).

Guided by these principles, we affirm the entirety of the trial judge's orders.  The judge did not abuse her discretion in appointing a GAL, requiring defendant to pay the balance of the GAL's fees, awarding primary residential custody to plaintiff, and recalculating child support.  Her decisions were based upon the credible facts presented by the parties and sound reasoning.  She did not summarily adopt the GAL's recommendations.  Although the MSA provided that each party incur their own attorney's fees, it does not, and cannot restrict a judge's authority under our rules of court to order payment of attorney's fees attributed to a party's non-compliance with court orders to enforce the MSA that was incorporated into the JOD.

The judge also did not abuse her discretion in increasing defendant's child support by imputing his annual salary at the

time of his voluntary retirement and applying the Child Support Guidelines due to the new residential custody arrangement. Given that defendant voluntarily retired despite having to support three daughters, there is no merit to his contention that his significantly lower annual retirement income should be used to calculate his child support. Equally without merit is defendant's argument that his eligibility to retire and plaintiff's conduct forcing him to retire justifies support based on the lower income. Finally, we defer to the judge's credibility finding that plaintiff was entitled to her outstanding shares of the income tax refund and the proceeds from the sale of the marital home.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0353-15T2