**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1441-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HECTOR A. GUEVARA,

    Defendant-Appellant.

_____

Submitted April 17, 2018 — Decided August 28, 2018

Before Judges Fasciale and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Cumberland County, Indictment
No. 16-01-0057.

Joseph E. Krakora, Public Defender, attorney
for appellant (Kevin G. Byrnes, Designated
Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County
Prosecutor, attorney for respondent (Stephen
C. Sayer, Assistant Prosecutor, of counsel and
on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Hector A. Guevara appeals from his conviction for first-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(j) and his sentence.  He presents the following points of arguments:

POINT I

THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. [I], PAR. 1 OF THE NEW JERSEY CONSTITUTION WAS VIOLATED BY THE TRIAL COURT'S INSTRUCTION EXPRESSLY AUTHORIZING THE JURY TO FIND THAT THE DEFENDANT POSSESSED THE FIREARM SOLELY ON THE BASIS OF HIS PRESENCE IN THE CAR.  (Not Raised Below).

POINT II

THE PROSECUTOR VIOLATED THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, PAR. 1 OF THE NEW JERSEY CONSTITUTION BY PERSUADING THE JURY WITH HIS PERSONAL BELIEF BASED ON HIS LAW ENFORCEMENT EXPERIENCE THAT THE DEFENDANT IS GUILTY.  (Not Raised Below).

POINT III

THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, PAR. 1, OF THE NEW JERSEY CONSTITUTION WAS VIOLATED BY THE ADMISSION OF HIGHLY PREJUDICIAL EVIDENCE PERTAINING TO A REMOTE CONVICTION TO IMPEACH THE DEFENDANT'S CREDIBILITY.

POINT IV

THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.

POINT V

THE DEFENDANT'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES AS GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, PAR. 7 OF THE NEW JERSEY CONSTITUTION WAS VIOLATED.

A. The Police Seizure Under Threat of Deadly Force Was Unreasonable.

B. The Police Acted Illegally by Searching the Vehicle and Seizing Evidence without a Warrant, Which Was Required at the Time of the Search and Seizure.

POINT VI

THE TRIAL COURT IMPROPERLY BALANCED THE AGGRAVATING AND MITIGATING CIRCUMSTANCES.

In defendant's pro se supplemental brief, he argues the following point:

THE DEFENDANT HECTOR A. GUEVARA'S RIGHTS(S) TO DUE PROCESS OF LAW WERE CLEARLY VIOLATED BY THE TRIAL COURT'S JURY INSTRUCTION

He also argues the prosecutor used inflammatory language to convince the jury and that trial counsel failed to raise several issues.

For the reasons that follow, we affirm.

I

We first address defendant's contention in Point V that the trial judge erred in denying his pretrial motion to suppress the search of a black FJ cruiser (the vehicle), in which defendant was

a passenger, along with the seizure of guns found in the vehicle and shotgun shells found in defendant's pants pockets. Because the weapons and shotgun shells were seized without a warrant, the burden was upon the State to prove that the search and seizure did not violate the constitutional rights of defendant as well as his co-defendant Bruce Jackson. State v. Pineiro, 181 N.J. 13, 19 (2004).

The State's case was presented through the testimony of three Millville Police officers. A few weeks prior to defendant's arrest, Millville police responded to a call regarding shots fired at a local garden apartment complex from a black FJ cruiser with a white top that had been subsequently seen at a local convenience store. After an investigating officer obtained a photo of the vehicle from the store's surveillance video system, and was able to identify Jackson as the driver, members of the police force were alerted about the incident.

On the night in question, about nineteen minutes after midnight, there was a report of shots fired from a vehicle at the same garden apartment complex, matching the description of the vehicle from the earlier shooting. While investigating the shooting at the complex, the police found shell casings and bullet holes in the building, and an informant relayed that a black FJ cruiser had been involved in the shooting. Police also observed

the vehicle enter the complex with its headlights on, and then saw the vehicle immediately turn around to exit the complex with its lights off in violation of N.J.S.A. 39:3-47(a). Later that evening, the vehicle was seen at the same convenience store where it was depicted on the surveillance video a few weeks earlier. After the occupants, including defendant and Jackson, were ordered out of the vehicle by police with their firearms drawn, the police, without entering the vehicle, observed a handgun in the pouch behind the passenger-side front seat and the butt of another handgun was seen protruding from underneath a towel. A subsequent search revealed another handgun and a shotgun in the vehicle's cargo area. All of the firearms were loaded. A search incident to arrest discovered shotgun ammunition in defendant's pants pocket. The stop and search of the vehicle was depicted on a police vehicle's mobile vehicle recording device.

The judge denied the motion to suppress. Finding the police officers' gave credible testimony, the court determined that they had a right to stop the vehicle due to the motor vehicle violation and that under State v. Pena-Flores, 198 N.J. 6, 11 (2009),[1] there were exigent circumstances of a felony investigation — its presence

---

[1] We are mindful that State v. Witt, 223 N.J. 409, 450 (2015), overturned Pena-Flores prospectively for searches occurring after September 24, 2015, which is after the search in this case.

at the second shooting at garden apartment complex within weeks of the initial shooting — and their concern over safety due to two other individuals who had left the vehicle and were not in police custody. The judge further found that the police officers' plain view observation of two handguns inside the vehicle's passenger area and another handgun and a shotgun in the vehicle's cargo area were discovered inadvertently.

We begin by noting our standard of review. It is well understood that when considering a trial judge's ruling on a motion to suppress evidence, "[w]e conduct [our] review with substantial deference to the trial [judge]'s factual findings, which we 'must uphold . . . so long as those findings are supported by sufficient credible evidence in the record.'" State v. Hinton, 216 N.J. 211, 228 (2013) (fourth alteration in original) (quoting State v. Handy, 206 N.J. 39, 44 (2011)). "Those findings warrant particular deference when they are substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Rockford, 213 N.J. 424, 440 (2013) (alteration in original) (citation omitted). We review de novo the judge's pure determinations of law, State v. Mann, 203 N.J. 328, 337 (2010) (citation omitted), as well as the application of legal principles

to such factual findings, <u>State v. Harris</u>, 181 N.J. 391, 416 (2004) (citation omitted).

In accordance with the Fourth Amendment to the <u>United States Constitution</u> and Article I, paragraph 7 of the <u>New Jersey Constitution</u>, "police officers must obtain a warrant . . . before searching a person's property, unless the search 'falls within one of the recognized exceptions to the warrant requirement.'" <u>State v. DeLuca</u>, 168 N.J. 626, 631 (2001) (quoting <u>State v. Cooke</u>, 163 N.J. 657, 664 (2000)). An investigatory stop, commonly referred to as a <u>Terry</u> stop, is a valid exception "if it is based on 'specific and articulable facts which, taken together with rational inferences from those facts,' give rise to a reasonable suspicion of criminal activity." <u>State v. Rodriquez</u>, 172 N.J. 117, 126-27 (2002) (quoting <u>Terry v. Ohio</u>, 392 U.S. 1, 21 (1968)). The State need not prove the defendant actually committed the offense involved. <u>State v. Williamson</u>, 138 N.J. 302, 304 (1994).

When an investigatory stop is based on a confidential informant's tip, the State must establish the reliability of the tip under the totality of the circumstances. <u>State v. Smith</u>, 155 N.J. 83, 92 (1998) (citing <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983)). The informant's veracity and basis of knowledge for the tip are two highly relevant factors. <u>State v. Caldwell</u>, 158 N.J. 452, 460 (1999) (citations omitted). A sufficient basis of

knowledge may be established "if the tip itself relates expressly or clearly how the informant knows of the criminal activity." Smith, 155 N.J. at 94. "Even in the absence of a disclosure that expressly indicates the source of the informant's knowledge, the nature and details revealed in the tip may imply that the informant's knowledge of the alleged criminal activity is derived from a trustworthy source." Ibid.

In situations involving an investigatory stop of a motor vehicle, if authorities have a reasonable and articulable suspicion that violations of motor vehicle or other laws have been or are being committed, the stop is legitimate. State v. Carty, 170 N.J. 632, 639-40, modified on other grounds, 174 N.J. 351 (2002). Although our State through the enactment of N.J.S.A. 39:5-25[2] authorizes both issuance of a summons and arrest for a motor vehicle violation, such a violation does not authorize a vehicular search incident to all traffic stops absent probable cause of some other criminal conduct or the occupants posed a safety threat. State v. Pierce, 136 N.J. 184, 190-93 (1994).

Another exception to the warrant requirement is the plain view doctrine, which allows law enforcement to seize contraband

---

[2]  A law enforcement officer is authorized by statute to arrest, without a warrant, a person "violating in his presence any provision of chapter 3" or "chapter 4" of Title 39.  N.J.S.A. 39:5-25.

without a warrant. To apply, three prongs must be satisfied. "First, the police officer must be lawfully in the viewing area." Mann, 203 N.J. at 341 (quoting State v. Bruzzese, 94 N.J. 210, 236 (1983)). Second, the officer's discovery of the evidence must be "inadvertent[], meaning that he did not know in advance where evidence was located nor intend[ed] beforehand to seize it." Ibid. (quoting Bruzzese, 94 N.J. at 236). Finally, "it has to be immediately apparent to the police that the items in plain view were evidence of a crime, contraband, or otherwise subject to seizure." Ibid. (quoting Bruzzese, 94 N.J. at 236). Our court has also held that there is no reasonable expectation of privacy in those areas of a vehicle viewable through the windows by a police officer located outside the vehicle. State v. Reininger, 430 N.J. Super. 517, 534 (App. Div. 2013) (citation omitted). Thus, the automobile exception under Pena-Flores does not apply where there is a firearm seizure under the plain view doctrine. Id. at 537.

Looking at the totality of the circumstances, we have no reason to disturb the judge's findings or conclusions that the vehicle stop and warrantless search were justified. The court found the police officers' testimony credible regarding: the motor vehicle violation by the vehicle's operation without its headlights on in an apparent attempt to conceal itself when leaving

the crime scene; the reasonable belief from the informant that the vehicle was involved in the shooting for the second time within a month at the same location; the safety concerns with the two occupants who left the vehicle and were not located; and the plain view observations of weapons. Through our review of the record, the court's findings are supported by sufficient credible evidence and proper application of the law.

## II

During the trial, the State's witnesses essentially reiterated the testimony they gave at the suppression hearing. Defendant, who did not testify at the hearing, did so at the trial.

Prior to defendant's testimony, the court determined in a Sands[3] hearing that a sanitized version of his prior conviction — a second-degree robbery when he was a fourteen-year-old juvenile[4] — limited to the degree of the offense and his eight-year sentence was admissible. The court reasoned that because he was released within ten years of this new offense, the conviction was sufficiently probative of his credibility should he testify.

Defendant testified that he was merely in the wrong place at the wrong time. While he was going to the convenience store, the

---

[3]  State v. Sands, 76 N.J. 127 (1978).

[4]  The charge of second-degree robbery was waived up to an adult offense.

vehicle pulled up to him and he was offered a ride to the store by an acquaintance of his stepdaughter who was a front-seat passenger. Not wanting to drive his girlfriend's vehicle without a license, he accepted the offer. He did not know the driver, but had seen the two-backseat passengers in Bridgeton. After they arrived at the store, the backseat passengers got out of the vehicle, and he never saw them again. A police officer then pulled up and ordered defendant, and the remaining two occupants out of the vehicle. A vehicle search resulted in the seizure of four weapons, which defendant stated he had never seen before. A search of defendant's pants pockets revealed shotgun shells that he claimed he picked up off the vehicle's floor so that he could sell them to his friends who were hunters.

The jury found defendant guilty of possession of the shotgun, but not guilty of possession of the handguns. After finding aggravating factors three, six and nine applied, but no mitigating factors applied, the judge imposed a sentence of sixteen years with eight years of parole ineligibility. N.J.S.A. 2C:44-1(a)(3) (the risk of re-offense); -1(a)(6) (prior record and seriousness of offense); -1(a)(9) (the need to deter).

In Point III, defendant contends the admission of his prior conviction was error because it improperly discredited his testimony. We disagree.

A-1441-16T1

The decision as to whether a prior conviction may be admitted "rests within the sound discretion of the trial judge." <u>Sands</u>, 76 N.J. at 144. "[A] trial [judge]'s evidentiary rulings are 'entitled to deference absent a showing of an abuse of discretion, i.e., there has been a clear error of judgment.'" <u>State v. Brown</u>, 170 N.J. 138, 147 (2001) (quoting <u>State v. Marrero</u>, 148 N.J. 469, 484 (1997)). As for the remoteness of the prior conviction, N.J.R.E. 609(b)(1) states:

> If, on the date the trial begins, more than ten years have passed since the witness's conviction for a crime or release from confinement for it, whichever is later, then evidence of the conviction is admissible only if the [judge] determines that its probative value outweighs its prejudicial effect. . . .

Under these guidelines, the judge properly considered the date of defendant's release and the date of the current trial. And, we are satisfied that he did not abuse his discretion in admitting defendant's prior conviction.

III

In Point II, defendant argues for the first time that the prosecutor denied him a fair trial in his closing argument:

> But I'm here at this point, ladies and gentlemen, to tell you that I believe that the evidence in this case, when you combine it with the law, as given to you by the [c]ourt[,] [i]s more than enough to prove [defendant's] guilt beyond a reasonable doubt as to both counts.

12

Defendant now argues that the prosecutor's statement improperly persuaded the jury with his expertise, law enforcement experience and personal opinion of defendant's guilt.

To warrant a new trial for prosecutorial misconduct, the conduct must have been "'clearly and unmistakably improper,' and must have substantially prejudiced defendant's fundamental right to have a jury fairly evaluate the merits of his defense." State v. Smith, 167 N.J. 158, 181-82 (2001) (quoting State v. Timmendequas, 161 N.J. 515, 575 (1999)). In determining whether a prosecutor's actions were sufficiently egregious, we consider: (1) whether defense counsel made a timely and proper objection; (2) whether the remarks were promptly withdrawn; and (3) whether the judge struck the remarks from the record and issued a curative instruction. Id. at 182. In our review, we "consider the tenor of the trial and the responsiveness of counsel and the court to the improprieties when they occurred." Timmendequas, 161 N.J. at 575.

If no objection was made, the prosecutor's conduct generally will not be deemed prejudicial, as the failure to object indicates counsel did not consider the conduct improper and deprives the trial judge of the opportunity to take curative action. State v. Echols, 199 N.J. 344, 360 (2009). Absent an objection, defendant must establish the conduct constitutes plain error, State v. Feal,

194 N.J. 293, 312 (2008), meaning that our inquiry is to determine whether this was an error that was "clearly capable of producing an unjust result," R. 2:10-2. Under that standard, reversal is required if there was error "sufficient to raise a reasonable doubt as to whether [it] led the jury to a result it otherwise might not have reached." State v. Green, 447 N.J. Super. 317, 325 (App. Div. 2016) (citation omitted).

We find insufficient merit in defendant's argument to warrant extensive discussion here. R. 2:11-3(e)(2). The prosecutor was allowed to draw legitimate inferences from the facts presented at trial, namely that he used his common sense to think about the evidence. The prosecutor did not allude to his opinion as being the correct choice that the jury should abide by, and did not prejudice defendant's right to have the jury objectively weigh the evidence so as to require reversal. See State v. Land, 435 N.J. Super. 249, 269 (App. Div. 2014). We thus conclude there was no plain error.

IV

In Point I, defendant contends for the first time that the court's jury instruction erroneously authorized the jury to find defendant had constructive possession of a firearm based solely on his presence in the vehicle. We thus must determine whether there was plain error.

"[A]ppropriate and proper [jury] charges are essential for a fair trial." State v. Baum, 224 N.J. 147, 158-59 (2016) (quoting State v. Reddish, 181 N.J. 533, 613 (2004)). We consider the charge as a whole in determining whether it was prejudicial. State v. Figueroa, 190 N.J. 219, 246 (2007). Model jury charges are often helpful to trial courts performing this important function. See Mogull v. CB Commercial Real Estate Grp., 162 N.J. 449, 466 (2000) (holding that instructions given in accordance with model charges, or which closely track model charges, are generally not considered erroneous).

There was nothing prejudicial about the judge's charge to the jury in this case. The portion of the charge at issue tracked the model charge for N.J.S.A. 2C:39-2. See Model Jury Charges (Criminal), "Possession Of Firearms, Weapons, Destructive Devices, Silencers or Explosives In A Vehicle (N.J.S.A. 2C:39-2)" (approved Mar. 1993). The charge was an accurate reflection of the law and it did not misinform or mislead the jury, and therefore did not constitute plain error.

V

In Point IV, defendant argues that the court erred in denying his motion to dismiss the verdict as against the weight of the evidence. He contends there was "woefully insufficient evidence" to show he "had ever seen the shotgun, let alone possessed it."

In support, defendant cites his testimony, the lack of forensic evidence linking him to the shotgun, and his lack of connection with the vehicle other than being a momentary passenger.

A motion for a new trial is only granted when a trial judge sets aside a jury's verdict as "against the weight of the evidence," if "having given due regard to the opportunity of the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that there was a manifest denial of justice under the law." R. 3:20-1.

In his oral decision, the judge found that the jury's verdict was "completely consistent with evidence presented at trial." He cited defendant's possession of shotgun shells similar to the shell found inside the shotgun in the vehicle's cargo area, and the jury's obvious exercise of its prerogative in rejecting defendant's version of the events.

Defendant's contentions are without sufficient merit to warrant discussion, R. 2:11-3(e)(2), and we affirm substantially for the reasons stated by the judge.

### VI

In Point VI, defendant contends that his sentence was excessive because there was no support for aggravating factor nine and to do so was double-counting aggravating factor six.

16

Review of a criminal sentence is limited; a reviewing court must decide, "whether there is a 'clear showing of abuse of discretion.'" State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Whitaker, 79 N.J. 503, 512 (1979)). Under this standard, a criminal sentence must be affirmed unless "(1) the sentencing guidelines were violated; (2) the findings of aggravating and mitigating factors were not 'based upon competent credible evidence in the record;' or (3) 'the application of the guidelines to the facts' of the case 'shock[s] the judicial conscience.'" Ibid. (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)). If a sentencing court properly identifies and balances the factors and their existence is supported by sufficient credible evidence in the record, this court will affirm the sentence. See State v. Carey, 168 N.J. 413, 426-27 (2001); State v. Megargel, 143 N.J. 484, 493-94 (1996).

Defendant's contentions are without sufficient merit to warrant discussion, R. 2:11-3(e)(2), and we affirm substantially for the reasons stated by the judge expressed at sentencing. We only add that we find support in the record for the judge's findings, and the sentence does not shock our judicial conscience.

VII

Finally, in considering defendant's pro se supplemental brief, we conclude it is procedurally deficient under Rule 2:6-

17

2(a)(6) because it fails to cite any law with appropriate reference to the record to support his arguments. See State v. Hild, 148 N.J. Super. 294, 296 (App. Div. 1977). In addition, from what we can glean from his arguments, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

18