**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3524-17T3

FAOUZIA METOUI,

 Plaintiff-Appellant,

v.

CITY OF JERSEY CITY,

 Defendant-Respondent,

and

COUNTY OF HUDSON, and
STATE OF NEW JERSEY,

 Defendants.

_____

Submitted March 13, 2019 – Decided July 3, 2019

Before Judges Fuentes and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2298-17.

Rothenberg, Rubenstein, Berliner & Shinrod, attorneys for appellant (Alan K. Berliner, on the brief).

Peter J. Baker, Corporation Counsel, attorney for respondent; Maura E. Connelly, Assistant Corporation Counsel, on the brief).

PER CURIAM

Plaintiff Faouzia Metoui appeals from the order of the Law Division that granted defendant City of Jersey City's motion to dismiss his complaint seeking compensatory damages caused by injuries sustained in a trip and fall accident that allegedly occurred on June 19, 2015. The motion judge found plaintiff failed to serve defendant with the notice of claim required by N.J.S.A. 59:8-8 under the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, and dismissed the complaint with prejudice as a matter of law.

The brief plaintiff's counsel filed in support of this appeal does not comport with any of the requirements of the rules of appellate practice. Specifically, Rule 2:6-2(a)(5) requires appellant's brief to include:

> A concise statement of the facts material to the issues on appeal supported by references to the appendix and transcript. The statement shall be in the form of a narrative chronological summary incorporating all pertinent evidence and shall not be a summary of all of the evidence adduced at trial, witness by witness.

Plaintiff's counsel's appellate brief provided the following facts:

> On or about August 13, 2015, Defendant City of Jersey City received Plaintiff Metoui [sic] Notice of Claim notifying it of a fall down incident that occurred on

2

June 15, 2015. (Pa23 to Pa 28). Attached to the Notice of Claim was a photo of the paved over hole (Pa 60 to 61), photo of Plaintiff (Pa49) and emergency room record (Pa50).

Defendant City of Jersey City forwarded a letter dated August 18, 2015 to Plaintiff's counsel (Pa30).

Plaintiff-Appellant replied by letter dated September 9, 2015 (Pa32).

Defendant City of Jersey City [sic] Motion to Dismiss in lieu of an Answer was granted January 5, 2018 (Pa11 to Pa12).

Rule 2:6-2(a)(6) requires plaintiff's counsel to present his legal arguments in the following manner:

The legal argument for the appellant, which shall be divided, under appropriate point headings, distinctively printed or typed, into as many parts as there are points to be argued. For every point, the appellant shall include in parentheses at the end of the point heading the place in the record where the opinion or ruling in question is located or if the issue was not raised below a statement indicating that the issue was not raised below. New Jersey decisions shall be cited to the official New Jersey reports by volume number but if not officially reported that fact shall be stated and unofficial citation made. All other state court decisions shall be cited to the National Reporter System, if reported therein and, if not, to the official report. In the citation of all cases the court and year shall be indicated in parentheses except that the year alone shall be given in citing the official reports of the United States Supreme Court, the Supreme Court of New Jersey, and the highest court of any other jurisdiction.

The only case plaintiff's counsel included in the section of the brief denoted "Table of cases ETC" is not cited in the one and one-quarter pages denoted: "POINT HEADING/LEGAL ARGUMENT." Plaintiff's counsel did not cite any legal authority nor mention the TCA in any part of his legal argument.

In Sackman v. New Jersey Mfrs. Ins. Co., 445 N.J. Super. 278, 297 (App. Div. 2016), this court "repudiated the same type of shoddy, unprofessional submission" we confront in this appeal and reaffirmed the following standards of professionalism that must be followed in the presentation of a legal argument in appellate briefs:

> Despite the fact that independent research by the court is, to a greater or lesser extent, the invariable rule, the parties may not escape their initial obligation to justify their positions by specific reference to legal authority. Paucity of such reference suggests a like paucity of authority helpful to the party. The absence of any reference to the law, as here, suggests as well a regrettable and reprehensible indifference on the part of the brief writer not only to the rules but to the interest of the client as well.
>
> [Ibid. (quoting State v. Hild, 148 N.J. Super. 294, 296 (App. Div. 1977)).]

We also provided in Sackman the following guidelines attorneys are expected to follow when they seek appellate review from this court:

A-3524-17T3

Lawyers who take on the responsibility to represent clients before this court are expected to: (1) familiarize themselves with the record developed in the forum of origin; (2) research and analyze the competent legal authority related to the salient facts of the case; and (3) submit briefs in support of the arguments identified therein which reflect that the lawyers conducted these tasks in a diligent and professional manner. This is the kind of effort a tribunal in this State is entitled to expect from an attorney admitted to practice in this State. Most importantly, as we noted in <u>Hild</u>, this is the kind of professional effort an attorney owes to his or her client.

[445 N.J. Super. at 298.]

In light of plaintiff's counsel's unprofessionalism and utter disregard for the rules of appellate practice, we exercise our discretionary authority under <u>Rule</u> 2:8-3(b) and <u>Rule</u> 2:9-9, and summarily affirm the Law Division's order dismissing plaintiff's complaint with prejudice without further comment. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3524-17T3