**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3957-17T1

IN THE MATTER OF
FRANKLIN HERNANDEZ,
CITY OF PERTH AMBOY.

_____

Argued July 9, 2019 – Decided November 15, 2019

Before Judges Nugent and Accurso.

On appeal from the New Jersey Civil Service Commission, Docket No. 2018-1058.

Charles J. Uliano argued the cause for appellant Franklin Hernandez (Chamlin Rosen Uliano & Witherington, attorneys; Charles J. Uliano, of counsel; Andrew Thomas Walsh, on the brief).

Michael Scott Williams argued the cause for respondent City of Perth Amboy (Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, attorneys; Michael Scott Williams, of counsel and on the brief).

Debra Allen, Deputy Attorney General, argued the cause for respondent Civil Service Commission (Gurbir S. Grewal, Attorney General, attorney; Debra Allen, on the statement in lieu of brief).

PER CURIAM

Appellant Franklin Hernandez, a former City of Perth Amboy police officer, appeals from the final decision of the Civil Service Commission (Commission) that upheld his removal from office. The City removed Hernandez after learning that while serving a tour of duty in the military, Hernandez pled guilty to "Assault Consummated by a Battery" for "grasping" a former girlfriend where her neck and shoulder met and attempting to force her out of a nightclub.

The New Jersey Code of Criminal Justice, specifically N.J.S.A. 2C:39-7, Certain Persons Not to Have Weapons, prohibits people from purchasing, owning, possessing, or controlling a firearm if they have "been convicted in this State or elsewhere of a disorderly persons offense involving domestic violence." N.J.S.A. 2C:39-7(b)(2). The City removed Hernandez on the ground that his conviction was a disorderly persons offense involving domestic violence, he was thus prohibited by the Certain Persons statute from carrying a weapon in New Jersey, and he could not perform his duties as a police officer if he could not carry a weapon. Because the Commission's final decision was not arbitrary, capricious, or unreasonable, we affirm.

The material facts are not in dispute. Hernandez was both a police officer with the City of Perth Amboy police department and a member of the New Jersey

A-3957-17T1

Army National Guard. In May 2014, Hernandez received orders mobilizing him to active duty and he was deployed to Qatar.

Although "fraternization" between Non-commissioned Officers and Junior Enlisted Soldiers was prohibited, in September 2014, Hernandez, a sergeant, began a dating, romantic relationship with a Specialist (SPC). Despite being ordered by his superiors to terminate the relationship, Hernandez continued dating the SPC until she terminated the relationship three months later, in December. The next week, on Christmas Eve, Hernandez encountered the SPC at a club at their camp. The ensuing incident involving Hernandez and the SPC is described in a stipulation Hernandez entered into as part of his guilty plea:

> [They] exchanged greetings, wishing each other a Merry Christmas, but then engaged in a verbal dispute regarding whether [the SPC] . . . was seeing other persons. Sergeant Hernandez turned around and grasped with his hand the area on [the SPC's] body where her neck and shoulder met. Sergeant Hernandez did not have [the] . . . permission to touch her there in that manner. In a sworn statement to Military Police [the SPC] stated that SGT Hernandez forcefully grabbed her by the back of her neck and tried to take her out of the . . . club. She stated that before he grabbed her, she had agreed to talk with SGT Hernandez outside of the club so as not to create a scene. She stated that she asked SGT Hernandez to let her tell her friends where she was going and to let her get her purse that she had left with another Solider.

A-3957-17T1

> [The SPC] . . . stated that SGT Hernandez told her "no," to get her purse only, and to leave with him now. It was at this moment that she stated SGT Hernandez grabbed her neck and tried to take her out of the club. [The SPC] stated that she told SGT Hernandez he was hurting her and to let go of her. She further stated that SGT Hernandez did not let go of her, and it was not until she asked him three times to remove his hand and two other Soldiers came to intervene that he finally removed his hand from her neck.

Hernandez pled guilty to violating the Uniform Code of Military Justice (UCMJ), Article 128, "Assault Consummated by a Battery." Hernandez also pled guilty to two other charges not relevant to this appeal.

In August 2017, after Hernandez had returned to his employment with the City of Perth Amboy Police Department, he was served with a Preliminary Notice of Disciplinary Action (PNDA). The PNDA specified four general charges for major discipline under N.J.A.C. 4A:2-2.3(a): (3) inability to perform duties; (5) conviction of a crime; (6) conduct unbecoming a public employee; and (12) other sufficient cause. In the PNDA section concerning incidents giving rise to the charges, the PNDA contained the following information:

> Mr. Hernandez pleaded guilty to the crime of "assault consummated by a battery" pursuant to Article 128 of the UCMJ with the victim being a fellow soldier to whom Mr. Hernandez had been in a "romantic relationship." As such, Mr. Hernandez is in violation of N.J.A.C. 4A:2-2.3(a)(5)(6) and (12).

4

> Pursuant to this conviction, the Middlesex County Prosecutor's Office advised the City of Perth Amboy that it considers Mr. Hernandez's conviction to constitute a domestic violence offense and accordingly advised that Mr. Hernandez is prohibited from carrying a service weapon and has ordered that Mr. Hernandez turn over his personal firearm. N.J.A.C. 4A:2-2.3(a)(3).

In a note on the last page of the PNDA, the City added:

> Failure to inform Police Department of the status of pending charges of a serious crime while on Military leave under the Uniform Code of Military Justice. N.J.A.C. 4A:2-2.3(a)(6) & (7).

Following a hearing, the City served Hernandez with a Final Notice of Disciplinary Action (FNDA), which documented that four charges enumerated in N.J.A.C. 4A:2-2.3(a) had been sustained: (1) incompetency, inefficiency or failure to perform duties; (5) conviction of a crime; (6) conduct unbecoming a public employee; and (12) other sufficient cause. It also stated:

> Mr. Hernandez pleaded guilty to the crime of "assault consummated by a battery" pursuant to Article 128 of the UCMJ with the victim being a fellow soldier to whom Mr. Hernandez had been in a "romantic relationship." As such, Mr. Hernandez is in violation of N.J.A.C. 4A:2-2.3(a)(5)(6) and (12).

In a note on the last page of the FNDA, the City added:

> Pursuant to this conviction, the Middlesex County Prosecutor's office advised the City of Perth Amboy that it considers Mr. Hernandez's conviction to

5

> constitute a domestic violence offen[s]e and accordingly advised that Mr. Hernandez is prohibited from carrying a service weapon and has ordered that Mr. Hernandez turn over his personal firearm. N.J.A.C. [4A:2-2.3(a)(3).]

Hernandez filed an administrative appeal. The appeal was heard by an administrative law judge (ALJ) who decided the matter in a summary decision. Based upon stipulated facts, the ALJ determined that Hernandez was involved in a "dating relationship" with the SPC, and that such a relationship fell within the definition of a "domestic relationship" under New Jersey's Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. Concluding Hernandez had committed an act of domestic violence by assaulting the SPC, and further concluding Hernandez's conduct constituted a "disorderly persons offense involving domestic violence" under N.J.S.A. 2C:39-7(b)(2), which prohibits certain persons from possessing weapons, the ALJ found that Hernandez was prohibited from carrying a firearm. Consequently, Hernandez could not perform his duties as a police officer, and the City of Perth Amboy properly removed him from that position. The ALJ also found Hernandez's conduct unbecoming a public employee.

The ALJ did not sustain the charge of conviction of a crime and did not address the charge that Hernandez had failed to inform the City of the military charges as the City had offered no evidence concerning that charge.

Hernandez filed exceptions to the ALJ's decision. After independently evaluating the record, the Commission adopted the ALJ's findings of fact and conclusion, and thus affirmed the City's action in removing Hernandez. This appeal followed.

On appeal, Hernandez argues his plea to assault consummated by battery under the UCMJ was not an act of domestic violence and therefore he is entitled to the return of his weapon and reinstatement as a police officer. He notes the UCMJ, Article 128, codified in 10 U.S.C. § 928, Assault Consummated by a Battery, does not contain an element of domestic violence. Specifically, the Article declares:

> (a) Any person subject to this chapter who attempts or offers with unlawful force or violence to do bodily harm to another person, whether or not the attempt or offer is consummated, is guilty of assault and shall be punished as a court-martial may direct.

In addition, Hernandez argues that 18 U.S.C. § 922(g)(9), commonly known as the Lautenberg Amendment to the Federal Gun Control Act of 1968, 18 U.S.C. §§ 921-930, does not prohibit him from possessing a gun. He points

7

A-3957-17T1

out that 18 U.S.C. § 922(g)(9) prohibits any person "who has been convicted in any court of a misdemeanor crime of domestic violence" from possessing a firearm. Although he concedes that under our decision in State v. Wahl, 365 N.J. Super. 356 (App. Div. 2004), conviction of a disorderly persons offense is the equivalent of a "misdemeanor" under 18 U.S.C. § 922(g)(9), he argues that a misdemeanor crime of domestic violence must be committed by one of the following persons:

> a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.
>
> [18 U.S.C. § 921(a)(33)(A)(ii).]

Hernandez also notes that the term "intimate partner" is defined in 18 U.S.C. §921(a)(32) and "means with respect to a person, the spouse of the person, a former spouse of the person, an individual who is a parent of a child of the person, and an individual who cohabitates or has cohabited with the person." He argues that a dating relationship is not included within any of these definitions, and thus it was not illegal to possess a weapon under the Federal Gun Control Act. He also argues that any suggestion by the ALJ to the contrary is misplaced.

8

We affirm, substantially for the reasons expressed by the ALJ in his initial decision, which the Commission accepted and adopted. We add the following comments.

Hernandez argues that to constitute a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9), the predicate misdemeanor must identify as an element of a crime a domestic relationship between the aggressor and the victim. The United States Supreme Court has expressly rejected the argument and held "the domestic relationship, although it must be established beyond a reasonable doubt in a § 922(g)(9) firearms possession prosecution, need not be a defining element of the predicate offense." United States v. Hayes, 555 U.S. 415, 418 (2009).

Hernandez does not directly dispute that his conviction of assault consummated by a battery is an act of domestic violence under the PDVA, N.J.S.A. 2C:25-19(2). Nor does he dispute that assault consummated by a battery is the equivalent of a "disorderly persons offense involving domestic violence" under N.J.S.A. 2C:39-7(b)(2), which in New Jersey prohibits a person guilty of such offense from possessing a firearm. Rather, he emphasizes that his conviction is not a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9). He then merely asserts, in conclusory fashion, that "any attempt to

A-3957-17T1

pursue 'domestic violence' charges or compel the surrender of [his] weapons . . . is subject to federal preemption."  In support of that proposition, he cites to Wahl, 365 N.J. Super. at 356, though acknowledging through a parenthetical explanation that Wahl held the "federal doctrine of preemption was inapplicable in domestic violence weapons forfeiture proceeding, in which defendant had been convicted of disorderly persons offense of simple assault."

In 18 U.S.C. § 927, Congress provided:

> No provision of this chapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together.

Hernandez does not explain why the ALJ's conclusion was wrong or why New Jersey's Certain Persons statute "is directly and positively in conflict" with the Federal Gun Control Act "so that the two cannot be reconciled or consistently stand together."  Rather, he makes a bald assertion and supports it by citation to a case that arguably supports the contrary proposition.

Parties to an appeal are required to make a proper legal argument, "[s]upporting [their] legal argument with appropriate record reference[s] . . . . [and] provid[ing] the law."  State v. Hild, 148 N.J. Super. 294, 296 (App. Div.

10

1977); see also Sackman v. N.J. Mfrs. Ins. Co., 445 N.J. Super. 278, 297-98 (App. Div. 2016). Counsel are required to "present [a] reasonably competent analysis of the law as it relate[s] to the facts of th[e] case. Sackman, 445 N.J. Super. at 298-99. An argument based on conclusory statements is insufficient to warrant appellate review. Nextel of N.Y., Inc. v. Bd. of Adjustment, 361 N.J. Super. 22, 45 (App. Div. 2003).

These observations notwithstanding, under the narrow facts of this case we do not find an irreconcilable conflict between the Federal Gun Control Act and N.J.S.A. 2C:39-7(b)(2). The purpose of both statutes is to protect domestic violence victims and to keep guns out of the hands of those who have perpetrated acts of domestic violence. Hernandez assaulted a woman with whom he had been in a dating, romantic relationship. His emotional attachment was so significant that he was willing to violate the prohibition against dating a junior officer and disregard a direct command from a superior to end the relationship. When the SPC ended the relationship, Hernandez resorted to violence when he saw her at a club. Under these circumstances, we do not find that the Federal Gun Control Act and New Jersey's Certain Persons Not to Have Weapons Statute cannot consistently stand together.

11

The ALJ's and Commission's decisions are supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D). The Commission's final determination is not arbitrary, capricious or unreasonable. Karins v. Atl. City, 152 N.J. 532, 540 (1998). Hernandez's arguments to the contrary are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3957-17T1