23 A.3d 446

700 HIGHWAY 33 LLC, PLAINTIFF–APPELLANT, v. JOSEPH POL-LIO AND CRAMAR ELECTRIC CO., DEFENDANTS–RESPON-DENTS, AND CHARLES SZARAWARSKI, CMS CUSTOM BUILDERS CORP., SUN H. KIM D/B/A WORLD SIGN AND STEPHEN STRONG, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued June 8, 2011—Decided July 8, 2011.

Before Judges ASHRAFI, NUGENT and KESTIN.

*Kenneth P. Westreich* argued the cause for appellant (*Swain & Westreich, LLC,* attorneys; *Mr. Westreich,* of counsel and on the brief).

*Loryn M. Lawson* argued the cause for respondents (*Lomurro, Davison, Eastman & Munoz, P.A.,* attorneys; *Ms. Lawson,* of counsel and on the brief).

The opinion of the court was delivered by

NUGENT, J.S.C. (temporarily assigned).

Plaintiff, 700 Highway 33 LLC, appeals from two October 29, 2010 Law Division orders: one that denied its motion to amend the complaint, the other that granted the cross-motion of defendants, Joseph Pollio and Cramar Electric Co. (Cramar), to dismiss the complaint with prejudice based on the entire controversy doctrine. We reverse and remand.

I.

Plaintiff owns property in Millstone Township on which it constructed a commercial building in 2003 and 2004. Cramar is an electrical contractor that worked on the building until terminated by plaintiff, and Pollio is an owner of Cramar. Plaintiff filed two lawsuits that arose out of construction disputes with various contractors; the first in 2003 (the 2003 action), the second in 2009 (the present action).

Plaintiff filed the 2003 action against the general contractor and several subcontractors, but did not name Pollio and Cramar as parties. On January 20, 2004, plaintiff's manager wrote Pollio a letter confirming that Cramar's "electrical contracting services" had been terminated the previous day for "failure to perform as promised" and making "outright misrepresentations." The letter also stated that Cramar's "[r]epeated failure to show up to perform specified work as promised ... resulted in delays and

rescheduling of other trades and additional rental of site work equipment. . . ." Pollio wrote back and denied the allegations. On August 3, 2004, plaintiff amended the complaint in the 2003 action but did not name Pollio and Cramar as parties and did not disclose their names as non-parties "who should be joined in the action . . . because of potential liability to any party on the basis of the same transactional facts." *R.* 4:5–1(b)(2).

Plaintiff included no factual allegations in the amended complaint, but instead incorporated by reference the allegations in the original complaint. The parties did not include the original complaint in either the trial court motion record or in this appeal. Consequently, there is no record of the transactional facts on which plaintiff based the 2003 action.

The parties settled the 2003 action in 2008. On September 28, 2009, plaintiff commenced the present action, alleging, among other things, that it paid Cramar $50,000 to purchase special equipment that Cramar never purchased, and that Cramar failed to properly perform its work. Pollio and Cramar are the only remaining defendants in the present action. Plaintiff settled with defendants, CMS Custom Builders Corp. and Charles Szarawarski, and the court dismissed the complaint against defendants, Stephen Strong and Sun H. Kim d/b/a World Sign, for lack of prosecution. After plaintiff's original counsel was disqualified because he was a potential trial witness, plaintiff retained new counsel and on September 28, 2010, filed a motion to amend the complaint. On October 7, 2010, Pollio and Cramar filed a cross-motion to dismiss the complaint on the basis of the entire controversy doctrine because plaintiff did not name or identify them in the 2003 action.

In support of their motion, Pollio and Cramar provided certifications from their attorney [1] and from Pollio, but neither the certifications nor the attachments specifically identified the transactional

---

[1] The attorney's certification as to the underlying transaction is not competent evidence because it is not based on personal knowledge. *R.* 1:6–6.

facts on which plaintiff based the 2003 action. Plaintiff opposed the motion and provided, among other things, a certification from its former manager averring that the claims in the 2003 action were based on separate contracts, occurred at different times, and were entirely different from those asserted in the present action. The trial court granted Pollio and Cramar's cross-motion, and denied plaintiff's motion to amend the complaint. On October 29, 2010, in an oral opinion, the trial court explained that based on its experience, construction cases were unique, involved multiple legal issues such as insurance coverage and indemnification, and the work of one subcontractor often affected the work of other subcontractors. Because plaintiff's dispute with Pollio and Cramar existed when the 2003 action was pending, the court concluded that plaintiff had an obligation to include them in that action.

## II.

The entire controversy doctrine refers to our Supreme Court's "approach to joinder of claims and parties" that has "evolved through a series of decisions" and rule amendments. *Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co.*, 207 *N.J.* 428, 442–43, 25 *A.*3d 1027, 2011 *WL* 1991155 (2011).

> Taken together, those sources express our long-held preference that related claims and matters arising among related parties be adjudicated together rather than in separate, successive, fragmented, or piecemeal litigation. Underlying the Entire Controversy Doctrine are the twin goals of ensuring fairness to parties and achieving economy of judicial resources. As this Court has recognized, "[t]he purposes of the doctrine include the needs of economy and the avoidance of waste, efficiency and the reduction of delay, fairness to parties, and the need for complete and final disposition through the avoidance of 'piecemeal decisions.'" *Cogdell v. Hosp. Ctr. at Orange*, 116 *N.J.* 7, 15 [560 *A.*2d 1169] (1989) (citing 2 *State of New Jersey Constitutional Convention of 1947, Committee on the Judiciary Report* § 11(J) at 1187 (1947)); *accord Oliver v. Ambrose*, 152 *N.J.* 383, 392–93 [705 *A.*2d 742] (1998).
>
> [*Id.* 207 *N.J.* at 443, 25 *A.*3d 1027.]

The doctrine was originally one of claim preclusion, but evolved over time "to require joinder of parties as well." *Id.* 207 *N.J.* at 443, 25 *A.*3d 1027. Following scholarly criticism of the doctrine's growth, the Supreme Court modified its approach and ultimately

accomplished "[t]he goals of avoiding piecemeal litigation and creating efficiency as related to parties ... by substituting the mechanism of disclosure for the automatic requirement of joinder." *Id.* 207 *N.J.* at 444, 25 *A.*3d 1027. Thus, in 1998, the Supreme Court amended *Rule* 4:30A to require joinder of claims but not joinder of parties, and amended *Rule* 4:5–1(b)(2), which now provides in part:

> Each party shall include with the first pleading a certification ... [and] shall disclose in the certification the names of any non-party who should be joined in the action pursuant to *R.* 4:28 or who is subject to joinder pursuant to *R.* 4:29–1(b) because of potential liability to any party on the basis of the same transactional facts. Each party shall have a continuing obligation during the course of the litigation to file and serve on all other parties and with the court an amended certification if there is a change in the facts stated in the original certification. The court may require notice of the action to be given to any non-party whose name is disclosed in accordance with this rule or may compel joinder pursuant to *R.* 4:29–1(b). If a party fails to comply with its obligations under this rule, the court may impose an appropriate sanction including dismissal of a successive action against a party whose existence was not disclosed or the imposition on the noncomplying party of litigation expenses that could have been avoided by compliance with this rule. A successive action shall not, however, be dismissed for failure of compliance with this rule unless the failure of compliance was inexcusable and the right of the undisclosed party to defend the successive action has been substantially prejudiced by not having been identified in the prior action.

The entire controversy doctrine is fact sensitive and dependent upon the particular circumstances of a given case. *See Allstate N.J. Ins. Co. v. Cherry Hill Pain & Rehab. Inst.,* 389 *N.J.Super.* 130, 141, 911 *A.*2d 493 (App.Div.2006), *certif. denied,* 190 *N.J.* 254, 919 *A.*2d 848 (2007). Thus, a trial court deciding an entire controversy dismissal motion must first determine from the competent evidence before it whether a *Rule* 4:5–1(b)(2) disclosure should have been made in a prior action because a non-party was subject to joinder pursuant to *Rule* 4:28 or *Rule* 4:29–1(b). If so, the court must then determine whether (1) the actions are "successive actions," (2) the opposing party's failure to make the disclosure in the prior action was "inexcusable," and (3) "the right of the undisclosed party to defend the successive action has been substantially prejudiced by not having been identified in the prior action." *R.* 4:5–1(b)(2). If those elements have been established, the trial court may decide to impose an appropriate sanction.

Dismissal is a sanction of last resort. *See Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co., supra,* 207 *N.J.* at 453–54, 25 *A.*3d 1027.

██ Plaintiff contends the motion record before the trial court was insufficient to support a finding that the claims in the 2003 and present actions are based on the same transactional facts. We agree. "It is the core set of facts that provides the link between distinct claims against the same or different parties...." *DiTrolio v. Antiles,* 142 *N.J.* 253, 267, 662 *A.*2d 494 (1995).

Here, the trial court relied on its own experience with construction claims when it implicitly concluded that the 2003 and present actions arose out of the same transactional facts, but the record did not support that conclusion. The original 2003 complaint was not included in the motion record, and none of the other pleadings explained the factual basis for plaintiff's claims against the parties in the 2003 action. Although plaintiff stated in a 2004 letter that Cramar's "[r]epeated failure to show up to perform specified work as promised ... resulted in delays and rescheduling of other trades and additional rental of site work equipment[,]" nothing in the record suggests that the delays and extra costs were part of the core set of related factual circumstances that formed the basis of the 2003 complaint. Plaintiff has averred through its former manager that the claims are unrelated.

Plaintiff also asserts the trial court made no findings as to whether its failure to identify Pollio and Cramar in the 2003 action was inexcusable or caused Pollio and Cramar substantial prejudice. The trial court's opinion is devoid of any such findings. Pollio and Cramar claim they were substantially prejudiced by not being named as parties in the first suit, because they did not have the opportunity to participate in discovery in the 2003 action, and memories of witnesses likely have faded. However, depositions and memories of witnesses in the 2003 action may or may not have anything to do with the claims in the present action. Moreover, by not being named in the 2003 action, Pollio and Cramar were spared the time and expense of five years of litigation. The trial

court must evaluate these considerations on an adequate factual record in determining whether the right of Pollio and Cramar to defend the present action has been substantially prejudiced by not having been identified in the 2003 action.

Plaintiff also argues that the entire controversy doctrine does not apply because the 2003 action was not decided on its merits. "The entire controversy doctrine bars a subsequent action only when a prior action based on the same transactional facts has been tried to judgment or settled." *Allstate N.J. Ins. Co., supra,* 389 *N.J.Super.* at 140, 911 *A.*2d 493 (quoting *Arena v. Borough of Jamesburg,* 309 *N.J.Super.* 106, 111, 706 *A.*2d 790 (App.Div.1998)). Here, the parties settled the 2003 action by filing a stipulation of settlement. Plaintiff's argument does not address the settlement, however. Parties are required to make an adequate legal argument. *See State v. Hild,* 148 *N.J.Super.* 294, 296, 372 *A.*2d 642 (App.Div.1977). Absent an argument from plaintiff about why the settlement of the 2003 action does not satisfy an element of the entire controversy doctrine, we decline to address the issue.

The entire controversy doctrine is an equitable principle and its application is left to judicial discretion. *Allstate N.J. Ins. Co., supra,* 389 *N.J.Super.* at 141, 911 *A.*2d 493. Here, the trial court's decision was a mistaken use of discretion because it was based on an inadequate record that did not permit a proper analysis of the entire controversy doctrine dismissal motion. We therefore vacate the order dismissing the complaint and remand for further proceedings consistent with this opinion. We also vacate the order dismissing the motion to amend the complaint because that order was entered based on the entire controversy dismissal. We do not retain jurisdiction.

Reversed and remanded.