NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2815
_____

PETER M. MOCCO; LORRAINE MOCCO;
FIRST CONNECTICUT HOLDING GROUP LLC IV,

Appellants

v.

AEGIS FRUMENTO; CHICAGO TITLE INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-12-cv-01458)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Argued on April 9, 2014

Before:  AMBRO, JORDAN and ROTH, *Circuit Judges*.

(Filed: April 24, 2014)
_____

John B. Nance, Esq.
James A. Scarpone, Esq.   [ARGUED]
Scarpone & Vargo
50 Park Place
Suite 1003
Newark, NJ 07102

Bruce D. Vargo, Esq.
Robertson, Freilich, Bruno & Cohen
One Riverfront Plaza
9th Floor
Newark, NJ 07102
        *Counsel for Appellants*

James J. DiGiulio, Esq.
Joseph P. LaSala, Esq.   [ARGUED]
William F. O'Connor, Jr., Esq.
McElroy, Deutsch, Mulvaney & Carpenter
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962
     *Counsel for Appellee Aegis Frumento*

Michael R. O'Donnell, Esq.   [ARGUED]
Riker, Danzig, Scherer, Hyland & Perretti
One Speedwell Avenue
Headquarters Plaza
Morristown, NJ 07962
     *Counsel for Appellee Chicago Title Insurance Co.*

_____

OPINION
_____

JORDAN, *Circuit Judge*.

Husband and wife Peter and Lorraine Mocco, along with First Connecticut Holding Group LLC, IV ("FCHG IV"), appeal an order of the United States District Court for the District of New Jersey that dismissed their claims based on New Jersey's Entire Controversy Doctrine (the "ECD"), which generally embodies principles of *res judicata* and issue preclusion and requires that, when a legal action is filed, all aspects of the controversy be presented in that action.[1] Because the District Court's application of the ECD reflects a misunderstanding of the current state of that doctrine, we will vacate and remand.

---

[1] The Moccos and FCHG IV also appeal the District Court's denial of their motion for reconsideration under Rule 59 of the Federal Rules of Civil Procedure.

## I.    Background

This case stems from a protracted dispute concerning the ownership of certain real estate assets.  According to the Moccos and FCHG IV, lawyer Aegis Frumento and Chicago Title Insurance Company ("Chicago Title") engaged in misconduct by assisting in the transfer of title to those assets from FCHG IV to third parties.  The present lawsuit is just one front in a war dating back to 1998 between the Moccos and their former business associate, James Licata, over the ownership of those and other assets.  Several other lawsuits (the "Consolidated Cases") involving the Moccos and Licata were earlier filed and consolidated in the Superior Court of New Jersey.

In June 2011, the Moccos filed a motion for leave to amend their claims in the Consolidated Cases to add Frumento and Chicago Title as defendants.  That attempt was the first time that the Moccos sought to add Frumento as a defendant, although they previously had twice added and twice dismissed Chicago Title as part of a quiet-title claim.  At an in-person hearing on the motion to amend, the state court denied the motion primarily on the basis of delay, reasoning that, "at the very least, [the Moccos] had a year" to obtain "the basic information that would give rise to at least [their] theory of liability" and that "bring[ing] in new parties and apply[ing] new theories on litigation that started back in 1998" would further postpone an already-delayed trial.  (J.A. at 703.)

In January 2012, the Moccos and FCHG IV filed the present suit against Frumento and Chicago Title in the Superior Court of New Jersey, asserting civil-conspiracy and aiding-and-abetting claims.  The defendants removed the action to federal court in March

3

2012.[2] Frumento and Chicago Title filed separate motions to dismiss for failure to state a claim, with Frumento arguing that the ECD bars this action and Chicago Title noting its joinder in that argument.[3] The District Court granted the motions to dismiss on ECD grounds.

Following the denial of a Rule 59 motion to alter or amend the court's judgment, this timely appeal was filed.

## II.    Discussion[4]

The ECD comes in two varieties: "claims-joinder" ECD and "party-joinder" ECD. *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 135 n.1 (3d Cir. 1999). The former requires all related claims between the same parties to be adjudicated together; the latter is, in essence, an ongoing notice requirement mandating that "a party to any litigation ... reveal the existence of any non-party who should be joined or who might have 'potential liability to any party on the basis of the same transactional facts.'" *Kent Motor Cars, Inc.*

---

[2] At oral argument, the Moccos and FCHG IV for the first time asserted that Frumento and Chicago Title were untimely in removing the case to the District Court. In a follow-up letter dated April 11, 2014, however, they expressly waived any such argument. We therefore will not address it.

[3] The Moccos and FCHG IV imply in the fact section of their opening brief that Chicago Title waived its ECD defense because it failed to raise the defense in its motion to dismiss. Chicago Title joined Frumento's ECD argument by way of a footnote in its reply brief. But the Moccos and FCGH IV themselves waived the "waiver" argument by failing to include it in the argument section of their opening brief. *See Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.13 (3d Cir. 2013) ("We have consistently held that '[a]n issue is waived unless a party raises it in its opening brief, and … a passing reference to an issue ... will not suffice to bring that issue before this court.'" (first and third alterations in original)).

[4] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. Determinations regarding the ECD are subject to plenary review. *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 163 (3d Cir. 1991).

*v. Reynolds and Reynolds, Co.*, 25 A.3d 1027, 1037 (N.J. 2011) (quoting N.J. R. Civ. P. 4:5–1(b)(2)). The Moccos and FCHG IV argue that the District Court's dismissal of their complaint was erroneously based on Rule 4:30A of the New Jersey Rules of Civil Procedure, which relates to claims-joinder ECD, instead of Rule 4:5-1(b)(2), which relates to party-joinder ECD. We agree.

"Originally a claim preclusion rule, over time, the [ECD] evolved to require joinder of parties as well, and culminated in the 1990 adoption of Rule 4:30A." *Id.* at 1036 (N.J. 2011) (citations omitted). However, in response to criticism about the ECD's expansion, Rule 4:30A was amended in 1998 to require joinder of claims but not joinder of parties.[5] *See id.* In addition, Rule 4:5-1(b)(2) was adopted, which, as just mentioned, requires a party filing a claim to tell the court of others who may be liable based on the same alleged facts. *Id.* at 1037 (quoting N.J. R. Civ. P. 4:5-1(b)(2)). The notice requirement is "a continuing obligation on litigants." *Fornarotto v. Am. Waterworks Co., Inc.*, 144 F.3d 276, 283-84 (3d Cir. 1998).

If a party violates its obligation to reveal possible additional parties under Rule 4:5-1(b)(2), a court must determine whether (1) the present action is successive to the prior action; (2) non-compliance was "inexcusable"; and (3) the undisclosed party's ability to defend the successive action has been substantially prejudiced by that party "not having been identified in the prior action." *700 Highway 33 LLC v. Pollio*, 23 A.3d 446,

---

[5] Rule 4:30A now provides: "Non-joinder of *claims* required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine … ." N.J. R. Civ. P. 4:30A (emphasis added).

5

450 (N.J. Super. Ct. App. Div. 2011) (quoting N.J. R. 4:5-1(b)(2)). The failure to comply with the notice requirement raises the potential, but not the certainty, of sanctions, including the possibility of dismissal. N.J. R. Civ. P. 4:5-1(b)(2). Thus, even if a court determines that party-joinder ECD applies, it must consider whether lesser sanctions than outright dismissal would be appropriate. In contrast with cases involving a violation of Rule 4:30A, which requires dismissal, a violation of Rule 4:5-1(b)(2) requires a discretionary decision by the trial court, and dismissal is the exception and not the rule when party-joinder ECD is thus at issue. *See Kent Motor Cars*, 25 A.3d at 1037; *see also 700 Highway*, 23 A.3d at 450 ("Dismissal is a sanction of last resort.").

When this case was originally filed in state court, Frumento and Chicago Title were not named parties in the Consolidated Cases, so party-joinder ECD, as set forth in the notice requirement in Rule 4:5-1(b)(2), applied.[6] But the District Court did not distinguish between claims-joinder ECD and party-joinder ECD in its memorandum opinion. In fact, three things suggest that the court actually applied a claims-joinder analysis instead of a party-joinder one. First, its analysis of ECD authorities was limited to two cases that are inapposite, *Archbrook Laguna, LLC v. Marsh*, 997 A.2d 1035, (N.J. Super. Ct. App. Div. 2010), and *Fisher v. Yates*, 637 A.2d 546 (N.J. Super. Ct. App. Div. 1994). *Archbrook* was a claims-joinder case; *Fisher* applied pre-1998 New Jersey law

---

[6] It does not appear that claims-joinder ECD is at issue because that aspect of the doctrine only takes effect between parties already joined in a suit. *See In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008). It is true that, at different times, Chicago Title was named in the quiet-title aspect of the Consolidated Cases, but, while Chicago Title argues that its status as a former party entitles it to invoke claims-joinder ECD, no party has directed our attention to New Jersey authority establishing such a rule. We therefore leave that question for the District Court to answer, if necessary.

6

that treated claims- and party-joinder ECD under the same mandatory-dismissal framework. Second, the court's opinion lacks any findings regarding whether there had been a failure to timely identify Frumento and Chicago Title in the state court proceeding, whether any failure was inexcusable, and whether such a failure caused Frumento and Chicago Title substantial prejudice,[7] which are all required considerations under Rule 4:5-1(b)(2) before a court may impose dismissal as a sanction. And third, the court made no mention of the discretionary nature of sanctions for a violation of party-joinder ECD, failing to consider at all whether lesser sanctions were available before dismissing the complaint. Therefore, the District Court misapplied New Jersey Law on the ECD.[8]

## III.  Conclusion

For the foregoing reasons, we will vacate and remand with instructions that the District Court apply a party-joinder ECD analysis when reviewing the sufficiency of the Complaint.

---

[7] Frumento and Chicago Title argue that the District Court found there was inexcusable and prejudicial delay by the Moccos and FCHG IV in identifying them. They are incorrect. They erroneously conflate statements of the state court in denying joinder with those of the District Court, which merely acknowledged, without adopting, the state court's statements. The District Court itself made no findings along those lines.

[8] We decline Frumento's and Chicago Title's invitation to undertake our own analysis of their arguments for dismissal. The District Court is in the best position to consider the competing contentions in the first instance.