NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0786-15T1

OBERMAYER REBMANN MAXWELL &
HIPPEL, LLP,

 Plaintiff-Respondent,

v.

BRIAN KLEIMAN and RIVKA BASYA
KLEIMAN, h/w and STEVEN KLEIMAN
and RIVKA CHAYA KLEIMAN, h/w,

 Defendants-Appellants,

and

HAPPY DAYS ADULT HEALTHCARE, LLC,
and NEW HORIZONS BEHAVIORAL HEALTHCARE
CENTERS, LLC,

 Defendants.
______________________________________

 Argued November 10, 2016 – Decided May 19, 2017

 Before Judges Alvarez, Accurso1 and Manahan.

1
 Hon. Carol E. Higbee was a member of the panel before whom this
cases was argued. The opinion was not approved for filing prior
to Judge Higbee's death on January 3, 2017. Judge Accurso did
not participate in oral argument. Counsel have agreed to the
substitution of Judge Accurso, her participation in the decision
and to waive reargument.
 On appeal from Superior Court of New Jersey,
 Law Division, Camden County, Docket No. L-
 2848-12.

 Benjamin Folkman argued the cause for
 appellant (Folkman Law Offices, P.C.,
 attorneys; Lauren M. Law, of counsel and on
 the brief).

 Matthew A. Green argued the cause for
 respondent (Obermayer Rebmann Maxwell &
 Hippel, LLP, attorneys; Mr. Green and
 Michelle Ringel, on the brief).

PER CURIAM

 Defendants Brian and Rivka Basya Kleiman and Steven and

Rivka Chaya Kleiman appeal from the trial court's denial of a

motion seeking reconsideration of the denial of their post-trial

motion for set-off against the jury verdict in favor of

plaintiff Obermayer Rebmann Maxwell & Hippel, LLP for legal fees

and costs.2 As we can find no factual or legal basis for their

argument, we affirm.

 The essential facts are easily summarized. Obermayer sued

defendants and the limited liability companies they control,

2
 Defendants' chief issue on appeal related to the judge striking
language from the verdict sheet whereby the jury directed that
payment of the sum it awarded on one file was "deferred until
settlement" of another. After the second matter settled during
the pendency of this appeal, defendants advised, in their reply
brief, they were no longer "seeking reversal of the [t]rial
[c]ourt's [order on reconsideration], as it applies to the
elimination of the deferral, as that issue is now moot."
Accordingly, we confine our discussion to the single issue
remaining.

 2 A-0786-15T1
Happy Days Adult Healthcare, LLC, and New Horizons Behavorial

Healthcare Centers, LLC, for unpaid fees and costs for services

Obermayer rendered to defendants in nine different matters

between 2009 and 2012. Obermayer prosecuted the case on

theories of breach of contract and quantum meruit. The jury

returned a verdict in favor of Obermayer in quantum meruit on

five of the nine files, totaling $191,456.11.

 During deliberations, the jurors raised a question

regarding question eleven on the verdict sheet, which asked them

to "[i]temize the reasonable value of the legal services that

Obermayer provided and the costs and expenses it incurred on

each of the following matters," listing each of the files for

which the firm claimed a balance due and owing. The question

read: "Clarification of question #11[.] Are we itemizing what

we (jurors) thinks [sic] the Kleiman[s] owe to Obermayer?"

Counsel for both parties agreed with the court that the answer

should be "yes." Accordingly, the court instructed the jurors,

"the answer is yes, so long as you've answered yes to questions

eight, nine, and ten first."3

3
 Questions eight, nine and ten required the jury to answer
whether Obermayer had proved each of the elements of a quantum
meruit claim. We note the transcript of the court's exchange
with the jury with regard to this question was provided to the
panel at our request following oral argument.

 3 A-0786-15T1
 As part of their motion for judgment notwithstanding the

verdict, defendants argued they had already paid Obermayer fees

but "the jury was not instructed to net out the award."

Specifically, defendants claimed they paid Obermayer $207,000

before being sued, to which they maintained the firm was not

entitled because the jury found no contract between the parties.

Defendants claimed they were thus due a set-off or credit for

those monies against the quantum meruit award.

 The judge denied the motion, finding there was ample

evidence in the record to support the jury's verdict. See

Starkey v. Estate of Nicolaysen, 172 N.J. 60, 67-69 (2002). The

judge noted Obermayer had taken pains to present testimony

explaining the amount billed on each matter, the payments

received from defendants and how each payment had been applied,

with the resulting balance due on each file. The judge found

the award, in which the jury awarded specific sums on five of

the nine files for which fees were sought, tracked the invoices

on those files in evidence. He concluded, "the jury took the

payments into account that the Kleimans had made since the award

is for the amount that Obermayer was requesting on the invoices

on those matters that took those payments into consideration."

 Following entry of the judgment, the individual defendants

moved for reconsideration, arguing the "jury was not asked to

 4 A-0786-15T1
determine the amount of money which [d]efendants owed Obermayer,

nor was it asked to consider the money already paid to Obermayer

and to calculate an award based on that." Contending that based

on the jury verdict, defendants had no contractual obligation to

have paid the $207,000 they tendered between 2009 and 2012, they

argued those monies should be set-off against the award. The

court denied the motion, finding the argument "simply a

rehashing of the same positions the individual Kleimans advanced

in their Motion for Judgment Notwithstanding the Verdict." See

D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).

 Defendants appeal, reprising the same argument made to the

trial court in almost identical language, that "as a matter of

law the [d]efendants had no contractual obligation to pay the

approximately $207,159.43, which it [sic] had done between 2009

and 2012." Thus, they reason that "[i]f the value of all legal

services rendered by Obermayer is $191,456.11, then the

$207,159.43 should be applied as a set-off or credit."

 Defendants' argument takes up no more than one page of

their merits brief and is devoid of any authority. See 700

Highway 33 LLC v. Pollio, 421 N.J. Super. 231, 238 (App. Div.

2011) (noting the requirement that parties make "an adequate

legal argument" in support of their claims); State v. Hild, 148

N.J. Super. 294, 296 (App. Div. 1977) ("Despite the fact that

 5 A-0786-15T1
independent research by the court is, to a greater or lesser

extent, the invariable rule, the parties may not escape their

initial obligation to justify their positions by specific

reference to legal authority."). The argument rests on nothing

more than the wording of question eleven and their speculation,

belied by a comparison of the invoices admitted in evidence,

that the jury failed to have credited them with their prior

payments.

 Defendants do not suggest they objected to the verdict

sheet, and they have not provided us with the transcript of any

charge conference or the judge's instructions to the jury, thus

precluding us from ascertaining whether they advocated for or

acquiesced in the question on the verdict sheet they complain of

now.4 See State v. A.R., 213 N.J. 542, 561 (2013) (noting trial

errors that "were induced, encouraged or acquiesced in or

consented to by defense counsel ordinarily are not a basis for

reversal on appeal" under the invited-error doctrine) (quotation

omitted).

4
 Indeed, the only trial transcript we have been provided was the
one we requested at oral argument. Thus we have no way of
evaluating the accuracy of the representations of either party
regarding the proofs at trial, no way to assess the verdict
sheet in light of the charge and no way to ascertain how the
verdict sheet was crafted. See R. 2:5-3(a)(b); R. 5-4(a); see
also Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 54-55 (2004).

 6 A-0786-15T1
 Defendants have failed to demonstrate the verdict sheet was

" misleading, confusing, or ambiguous," see Sons of Thunder v.

Borden, Inc., 148 N.J. 396, 418 (1997), especially in light of

the question the jury posed and the Obermayer invoices in

evidence. They have certainly provided us no basis on which to

conclude the jury failed to credit them with their prior

payments. Accordingly, we have no basis to conclude the judge

erred in determining the evidence, together with the legitimate

inferences, could sustain the judgment in Obermayer's favor, see

R. 4:40-2(b); Newmark-Shortino v. Buna, 427 N.J. Super. 285, 313

(App. Div. 2012), certif. denied, 213 N.J. 45 (2013), or abused

his discretion in denying their motion for reconsideration, see

Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).

 Affirmed.

 7 A-0786-15T1