**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2481-17T3

SUBWAY REAL ESTATE, LLC,

    Plaintiff-Appellant,

v.

IMAD U. MIRZA and CAPE
REGIONAL SUBWAY,
INCORPORATED,

    Defendants-Respondents.

_____

          Argued December 5, 2018 – Decided December 26, 2018

          Before Judges Reisner and Mawla.

          On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1947-16.

          JoyAnn Kenny argued the cause for appellant (Fisher Zucker, LLC, attorneys; Forrest S. Turkish, on the briefs).

          Michael Pocchio, Jr., argued the cause for respondents (Law Office of Michael Pocchio, Jr., attorneys; Michael Pocchio, Jr., of counsel and on the brief).

PER CURIAM

Plaintiff Subway Real Estate, LLC (SRE or plaintiff) appeals from two December 18, 2017 orders, denying its motion for summary judgment, and dismissing its complaint against defendants Imad Mirza and Cape Regional Subway, Inc., pursuant to the entire controversy doctrine and the rule concerning party joinder. See R. 4:30A; R. 4:5-1(b)(2).

"The entire controversy doctrine is an equitable principle and its application is left to judicial discretion." 700 Highway 33 LLC v. Pollio, 421 N.J. Super. 231, 238 (App. Div. 2011). Equitable principles also apply in enforcing Rule 4:5-1(b)(2), requiring the disclosure of non-parties who should be joined in the lawsuit so that all issues can be decided in one action. See Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co., 207 N.J. 428, 452 (2011). In this case, we conclude that barring plaintiff's complaint under the entire controversy doctrine gave defendants an unjustified windfall and was not required to serve the doctrine's purposes. We reach the same conclusion with respect to plaintiff's violation of Rule 4:5-1(b)(2). Hence, dismissing the complaint was a mistaken application of discretion. Therefore, we reverse the order on appeal and remand this case to the trial court.

Since we write primarily for the parties and the trial court, all of whom are familiar with this matter, our discussion can be brief. Mirza, through his

A-2481-17T3

company Cape Regional Subway, LLC (collectively, Mirza), obtained a franchise to operate a Subway sandwich shop in the Hamilton Mall in Atlantic County. SRE, a related entity that handled the leasing for the Subway franchisor, held the lease from the landlord, Hamilton Mall (Hamilton). Mirza, as the sub-lessee, agreed to pay Hamilton the rent and agreed to pay SRE's counsel fees if Mirza violated the sublease.

At some point, Mirza stopped paying the rent, and Hamilton filed suit against SRE and Mirza in Morris County. Having no valid defense against the Hamilton action, SRE quickly settled with Hamilton for $40,000. Hamilton then dismissed its action against both SRE and Mirza. A few weeks later, SRE filed this lawsuit against Mirza in Atlantic County, seeking to recoup the $40,000 it paid Hamilton, plus costs and counsel fees pursuant to the sublease. The motion judge in Atlantic County dismissed the action as violating the entire controversy doctrine and the party joinder rule. R. 4:30A; R. 4:5-1(b)(2).

The entire controversy doctrine is designed to promote fairness to the parties, judicial efficiency, and complete and final dispositions by avoiding piecemeal litigation. DiTrolio v. Antiles, 142 N.J. 253, 267 (1995). In applying the entire controversy doctrine, the "polestar . . . is judicial 'fairness.'" Wadeer v. New Jersey Mfrs. Ins. Co., 220 N.J. 591, 605 (2015) (quoting DiTrolio, 142

A-2481-17T3

N.J. at 272).  As illustrated by the Supreme Court's decision in <u>Kent Motor Cars</u>, the <u>Rules</u> concerning the joinder of issues and parties in a single lawsuit are not to be applied mechanically, where barring a lawsuit would produce an unjust result.  For example, even an inexcusable violation of <u>Rule</u> 4:5-1(b)(2) will not necessarily require dismissal of a complaint.

In <u>Kent Motor Cars</u>, the Court addressed a situation in which an auto dealership claimed that Reynolds, the company that printed the dealership's sales forms, misprinted the forms, leading to the dealership becoming liable to its customers for consumer fraud violations.  207 N.J. at 432-35.  The dealership should have, but did not, file a claim for contribution against Reynolds in the customers' consumer fraud action (the <u>Wilson</u> case).  <u>Id.</u> at 435-36.  Nonetheless, the Court held that the interests of justice did not warrant barring the dealership's separate lawsuit against Reynolds:

> Certainly, from a systemic perspective, because the claim against Reynolds is essentially one for contribution, it would have been preferable for it to have been addressed in the context of the <u>Wilson</u> litigation. . . . Divorcing it from the <u>Wilson</u> action and proceeding on it as if it were an entirely separate claim raises the specter of the sort of inefficient, piecemeal litigation that the Entire Controversy Doctrine and the corollary <u>Rule</u> governing notice of related matters and nonparties were designed to eliminate.

4

That the Rule was violated, that the violation was inexcusable, cannot be questioned. Nonetheless, the strong preference of the court system for orderly and efficient adjudication of disputes does not militate in favor of dismissal of the complaint in its entirety. First, the sanction of dismissal would create, in this case, a windfall for Reynolds. To the extent that the form it sold violated the applicable MVSP regulations and to the extent that such a violation was one that the CFA was intended to address, it would be unjust to permit Reynolds to avoid any responsibility to its customer. . . . To the extent that there may remain other, lesser prejudice relating to loss of evidence, there is a wide array of sanctions available to the trial court to address any injustice. The trial court should not hesitate to impose any and all sanctions it concludes are needed to ensure that a just remedy is achieved between these parties.

[Id. at 451-52 (emphasis added).]

The same principles discussed in Kent Motor Cars apply here. In this case, dismissing SRE's complaint would give Mirza a windfall. His failure to pay Hamilton the rent resulted in the Hamilton lawsuit. It does not appear that SRE or Mirza had a meritorious defense to Hamilton's claim for the rent. Hence, SRE acted reasonably in limiting its potential liability, and that of Mirza, by reaching a quick settlement with Hamilton. On this record, few if any judicial resources were consumed in the Hamilton litigation. There were no trial court proceedings in that case, beyond Hamilton's filing of the complaint and Mirza's filing of an answer.

Nor do we perceive any inconvenience or unfairness to Mirza in SRE's filing the second lawsuit. In fact, Atlantic County, where SRE filed its lawsuit, and where Mirza lives and conducted business, appears to be a more convenient venue for Mirza than Morris County, where Hamilton filed its lawsuit. There is no evidence in this record that Mirza was prejudiced in any way by SRE's choice to withhold asserting its cross-claim in the Hamilton suit and instead filing it as an affirmative claim in a separate suit. If, on remand, Mirza can establish a claim of prejudice, the trial court may impose sanctions on SRE, short of dismissal, "to address any injustice." Kent Motor Cars, 207 N.J. at 452.[1]

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] In light of our disposition, we do not reach SRE's additional appellate arguments. On remand, the trial court should reconsider and address the merits of SRE's summary judgment motion against defendants.

A-2481-17T3