**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4726-16T4

SPRING LAKE ENTERPRISES, LLC,

    Plaintiff-Appellant,

v.

WARD WIGHT SOTHEBY'S
INTERNATIONAL REALTY, INC. and
BRIAN CHURCH,

    Defendants/Third-Party Plaintiffs-
Respondents,

v.

MARTIN JOEL SKOLNIK and DIANE
TURTON REALTORS,

    Third-Party Defendants.

_____

        Argued November 14, 2018 – Decided January 4, 2019

        Before Judges Yannotti, Rothstadt, and Gilson.

        On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0993-16.

Ronald L. Lueddeke argued the cause for appellant (The Lueddeke Law Firm, attorneys; Ronald L. Lueddeke, of counsel; Karri Lueddeke, on the brief).

Richard J. Kilstein argued the cause for respondents (Shendell & Pollock, P.L., attorneys; Richard J. Kilstein, Ilana S. Hanau, and Gary R. Shendell, on the brief).

PER CURIAM

Plaintiff Spring Lake Enterprises, LLC (plaintiff or SL Enterprises) appeals from a May 12, 2017 order granting summary judgment to defendants and dismissing its complaint with prejudice under the entire controversy doctrine. We reverse. Defendants were not parties to the prior action, and they did not show inexcusable conduct by plaintiff or substantial prejudice to them in this subsequent action.

I

We take the facts from the summary judgment record, viewing them in the light most favorable to plaintiff, the non-moving party. Plaintiff owned a high-value residential real estate property in Spring Lake. In 2011, it tried to sell the property and it retained defendants, Ward Wight Sotheby's International Realty, Inc. (Ward Realty) and Brian Church, a Ward Realty employee, as its selling agent. Initially, plaintiff was asking for a selling price in excess of $5,000,000.

In June 2011, Martin Skolnik expressed an interest to Church in purchasing the property. Church communicated Skolnik's interest to plaintiff. Thereafter, in October 2011, Church informed plaintiff that he believed Skolnik had the financial ability to make the purchase and stated that Skolnik was "a high-end mortgage, bond, and money trader." Skolnik, however, did not make an offer on the property in 2011.

Approximately one year later, on September 14, 2012, Skolnik and SL Enterprises entered into a contract wherein Skolnik agreed to purchase the property from plaintiff for $4,999,999. By that time, Ward Realty and Church were no longer acting as plaintiff's agent. Instead, Diane Turton Realtors (Turton Realtors) was the selling agent for plaintiff. In the sales contract, Turton Realtors was listed as plaintiff's agent and Ward Realty was listed as Skolnik's agent. The initial deposit of $498,999 was due within a week of the finalization of the contract, and the sale was scheduled to close on October 9, 2012. Skolnik, however, never made the deposit and the purchase by Skolnik never took place.

In December 2012, plaintiff entered into another contract to sell the property to an unrelated third party. That sale closed in January 2013, and plaintiff received $4,600,000 as the selling price.

A-4726-16T4

In March 2013, plaintiff sued Skolnik and his wife, alleging five causes of action, including breach of contract (the Skolnik action). Among other forms of damages, plaintiff sought approximately $400,000, reflecting the difference between the contract price agreed to by Skolnik ($4,999,999) and the actual sale price of $4,600,000. As required by Rule 4:5-1(b)(2), plaintiff's counsel certified that plaintiff was not aware of "any other parties who should be joined in this action at this time."

Plaintiff represents that in December 2014, during a mediation in the Skolnik action, Skolnik disclosed that he never had the financial ability to proceed with the purchase of the property. Indeed, according to plaintiff, Skolnik disclosed that he was an hourly worker at an amusement park. Thus, plaintiff asserts that it was in December 2014 that it first discovered that Ward Realty and Church had misrepresented Skolnik's financial capabilities, including that Skolnik was a high-end mortgage, bond, and money trader. Accordingly, in December 2014, plaintiff believed it had legal claims against Ward Realty and Church.

In February 2015, plaintiff's counsel sent a letter to the court in support of a motion to suppress Skolnik's answer and defenses. In that letter, plaintiff's counsel informed the court of what plaintiff had learned in the December 2014

mediation regarding Skolnik's lack of financial capability. The letter also referenced that Ward Realty had described Skolnik as a "high-end mortgage, bond, and money trader."

Thereafter, plaintiff and Skolnik engaged in settlement discussions. Sometime during or before August 2015, plaintiff and Skolnik agreed to settle their dispute.

On August 19, 2015, plaintiff filed a motion to amend the complaint in the Skolnik action to add Ward Realty and Church as defendants. Alternatively, the motion sought to reserve plaintiff's right to sue Ward Realty and Church in a subsequent action. Within days of filing that motion, and while it was pending, plaintiff submitted to the court a consent order for judgment. The consent order provided that a judgment in the amount of $443,190 would be entered against Skolnik. The order also provided:

> ORDERED, plaintiff has preserved and reserved the right to bring a subsequent action against other parties who may be responsible for their losses. Said parties include but are not limited to Brian Church and Ward Wight Sotheby's Int'l Realty and the parties and Court acknowledge that any such claim is not barred by the Entire Controversy Doctrine and this Judgment is admissible into evidence in such subsequent action[.]

The court signed that consent order on August 24, 2015. The court added a handwritten note to the order, stating: "The court executed this consent order

but has not taken any testimony on the substance of either the suit or consent order."

On September 4, 2015, the court in the Skolnik action granted plaintiff leave to file a new action. In making that ruling, the court stated it was not deciding the entire controversy issue. Instead, the court stated that the entire controversy issue would "abide the filing [of the new action] and the legal positions advanced [in that new action]."

On March 16, 2016, plaintiff filed a complaint against Ward Realty and Church, alleging that they were liable to plaintiff for making false representations regarding Skolnik's financial capabilities. Specifically, plaintiff asserted causes of action for misrepresentation, breach of fiduciary duties, and violations of the Consumer Fraud Act. Ward Realty and Church responded by filing an answer in May 2016, and in January 2017, they filed a third-party complaint against Skolnik and Turton Realtors.

Thereafter, Ward Realty and Church moved for summary judgment contending that the entire controversy doctrine prevented plaintiff from pursuing claims against them in this second action. After hearing oral argument, on May 12, 2017, the trial court entered an order dismissing plaintiff's complaint with prejudice against Ward Realty and Church.

A-4726-16T4

In its oral decision, the trial court held that the entire controversy doctrine precluded plaintiff's claims. Initially, the trial court noted that the entire controversy doctrine generally applies only to claims and not to new parties. The court then focused on the exception where claims asserted against non-parties can be precluded in a successive action provided that the plaintiff engaged in inexcusable conduct and the new party was subject to substantial prejudice in the second action. The trial court reasoned that plaintiff had engaged in inexcusable conduct by waiting until August 2015 to file its motion to add Ward Realty and Church and by simultaneously settling its claims against Skolnik.

The trial court did not specifically identify a substantial prejudice to Ward Realty and Church. It did, however, state: "Here the plaintiff has initiated the action against the defendants in an attempt to collect [its] judgment entered against the Skolniks from the defendants without the defendants having had the opportunity to join in the initial lawsuit to defend themselves." Nonetheless, the court then recognized that defendants were not bound by the consent order entered in the Skolnik action because they were not parties to that first action.

A-4726-16T4

II

On appeal, plaintiff argues that its claims against Ward Realty and Church are not barred by the entire controversy doctrine. Given the facts and procedural history of this case, we agree.

The entire controversy doctrine, codified in Rule 4:30A, is rooted in the goal of encouraging parties to resolve all their disputes in one action. See Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co., 207 N.J. 428, 443 (2011) (noting that the doctrine finds its support in our State Constitution and the goal "that all matters in controversy between the parties may be completely determined" (quoting N.J. Const. art. VI, § III, ¶ 4)). See also Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:30A (2018). Underlying the doctrine "are the twin goals of ensuring fairness to parties and achieving economy of judicial resources." Kent Motor Cars, 207 N.J. at 443.

"The entire controversy doctrine is fact sensitive and dependent upon the particular circumstances of a given case." 700 Highway 33, LLC v. Pollio, 421 N.J. Super. 231, 236 (App. Div. 2011). At bottom, the doctrine is an equitable one. Hobart Bros. Co. v. Nat'l Union Fire Ins. Co., 354 N.J. Super. 229, 241 (App. Div. 2002). Accordingly, the doctrine requires a litigant to present "all aspects of a controversy in one legal proceeding." Malaker Corp. Stockholder

Protective Comm. v. First Jersey Nat'l Bank, 163 N.J. Super. 463, 496 (App. Div. 1978). It is "intended to be applied to prevent a party from voluntarily electing to hold back a related component of the controversy in the first proceeding by precluding it from being raised in a subsequent proceeding thereafter." Oltremare v. ESR Custom Rugs, Inc., 330 N.J. Super. 310, 315 (App. Div. 2000).

The doctrine has, however, evolved over time. In that regard, mandatory party joinder under the doctrine was eliminated. See R. 4:5-1(b)(2); Pressler & Verniero, cmt. 1 on R. 4:30A. Preclusion of a successive action against a person not a party to the first action has been limited to situations involving both inexcusable conduct and substantial prejudice to the non-party resulting from omission from the first suit. Hobart Bros. Co, 354 N.J. Super. at 242.

Applying these principles to the facts and procedural history in this case, we hold that the entire controversy doctrine does not bar plaintiff's action against Ward Realty and Church. Initially, we note that our standard of review is de novo. The matter came before the court on a motion for summary judgment and we use the same standard as the trial court. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). Accordingly, we determine if there are any material fact disputes and, if not, we determine if defendants, as the moving

party, are entitled to judgment as a matter of law. R. 4:46-2(c); Davis, 219 N.J. at 405-06; Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Here, Ward Realty and Church did not demonstrate that SL Enterprises engaged in inexcusable conduct in the Skolnik action. SL Enterprises first sued the Skolniks seeking damages related to Skolnik's breach of contract to purchase the property. That claim did not necessarily involve Ward Realty and Church.

SL Enterprises represents that it learned, for the first time in December 2014, that Skolnik did not have the financial capability to make the purchase. It was at that point that SL Enterprises believed it had a claim against Ward Realty and Church due to their representations concerning Skolnik's financial capabilities. Before the Skolnik action was resolved, SL Enterprises filed a motion to either amend its complaint to join Ward Realty and Church or to preserve their right to bring a subsequent action against Ward Realty and Church. Significantly, the court in the Skolnik action signed that consent order allowing such a procedure. Thereafter, the court ruled that SL Enterprises could bring a second action. While the court noted that it was not deciding the entire controversy issue, it did allow SL Enterprises to bring the second action.

Such conduct by SL Enterprises does not constitute inexcusable conduct. SL Enterprises sought to either join Ward Realty and Church or preserve the

right to sue them in a separate action. Had the court denied that relief completely, SL Enterprises could have elected to postpone settling with Skolnik and to join Ward Realty and Church in the first action.

Moreover, there is no showing of substantial prejudice to Ward Realty or Church. As already noted, the trial court did not expressly identify a substantial prejudice. Instead, it made reference to the fact that SL Enterprises might be trying to take advantage of the settlement it reached with Skolnik to establish damages against Ward Realty and Church. The trial court, however, correctly recognized that Ward Realty and Church are not bound in any respect by the settlement that took place in the first action because they were not parties to that action. Indeed, SL Enterprises has conceded that point before us and it will be bound by that representation as a matter of judicial estoppel. In other words, in the second action, SL Enterprises cannot rely on its settlement with Skolnik as establishing any type of claim, including a claim for or an amount of damages, against Ward Realty and Church.

Before us, Ward Realty and Church argue that they are prejudiced because they have not been able to locate Skolnik. The record, however, does not support a finding of substantial prejudice. Ward Realty and Church simply assert, without factual support or detail, that they have not been able to serve Skolnik

with their third-party complaint. Thus, there is no showing that Skolnik cannot be located. Moreover, even if Skolnik is not available, it would remain plaintiff's burden to prove Skolnik's actual financial capabilities at the time that he made his offer in 2011.

In summary, the record does not support a finding that SL Enterprises engaged in inexcusable conduct. Nor does the record support a finding that Ward Realty and Church would be substantially prejudiced if they had to defend the claims brought by SL Enterprises in the second action.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12