**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5960-17T2

CHESTER A. LUSZCZ,
ESQUIRE,

      Plaintiff-Respondent/
      Cross-Appellant,

v.

CRAIG A. ALTMAN, PC,

      Defendant-Appellant/
      Cross-Respondent.

_____

Submitted September 25, 2019 – Decided October 2, 2019

Before Judges Koblitz and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-004627-18.

Law Offices of Craig A. Altman, PC, appellant/cross-respondent pro se (Allan J. Aigeldinger, III, on the briefs).

Chester A. Luszcz, respondent/cross-appellant pro se.

PER CURIAM

Defendant Craig A. Altman, PC appeals from an August 22, 2018 judgment following a trial in favor of plaintiff Chester A. Luszcz, Esquire for $4878 in this special civil matter. Plaintiff cross-appeals from the judgment. We affirm.

We take the following facts from the record. Defendant represented Veronica McAllister in a trip and fall case and obtained a $65,000 default judgment against Mordechai Cohen, the owner of the structure where McAllister had her accident. Defendant had difficulty collecting the judgment and hired plaintiff to pursue the collection efforts. The parties signed a retainer agreement, stipulating plaintiff would be compensated on a contingency basis and paid twenty percent of all funds collected. McAllister signed the agreement as well.

Plaintiff filed a substitution of attorney and began collection efforts. He served a writ of execution on five banks, conducted a property search, issued two information subpoenas, and finally located Cohen. As a result of plaintiff's efforts, Cohen turned the matter over to his insurer, who provided a defense. The insurer vacated the default judgment and defendant settled the case with the insurer for $45,000. McAllister signed a sheet approving the $45,000

settlement, less distributions of $1094.80 in costs and $14,635.07 representing defendant's one-third contingency fee.

Following the settlement, plaintiff communicated with defendant requesting $9000, representing his twenty percent contingency fee from the $45,000 settlement. Defendant responded it would not pay plaintiff because he did not collect the judgment.

Plaintiff filed a complaint for breach of contract, implied contract, and quasi-contract. At trial, plaintiff testified, as did an attorney from defendant's office who signed the retainer agreement with plaintiff. The trial judge rendered oral findings. He concluded plaintiff performed the "lion's share" of the collection work which ultimately produced the settlement. The judge cited plaintiff's thirty-five years of experience as a collection attorney and use of information subpoenas to track down Cohen.

However, the judge found awarding plaintiff twenty percent of the total recovery was unreasonable. Citing the standard attorney fee rate of thirty-three percent for contingency cases, the judge awarded plaintiff $4878, representing thirty-three percent of defendant's counsel fee recovery.

On appeal, defendant argues the judge erred by awarding plaintiff a portion of the recovery because plaintiff did not collect the claim, keep accurate

3

time records, prepare McAllister's case, or file any pleadings. He repeats the argument he made to the trial judge that plaintiff was barred from recovery by the entire controversy doctrine, because he did not name McAllister in his suit as an indispensable party. Plaintiff cross-appeals and argues the judgment should have been for $8781.04, reflecting the agreed-upon twenty percent contingency.

"The factual findings of a trial court are reviewed with substantial deference on appeal, and are not overturned if they are supported by 'adequate, substantial and credible evidence.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014) (citations omitted). Such deference is especially due when a trial judge's findings "are substantially influenced by [the judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." Zaman v. Felton, 219 N.J. 199, 215-16 (2014) (alteration in original) (internal quotation and citation omitted).

We reject defendant's arguments and affirm substantially for the reasons expressed by the trial judge. The record supports the judge's finding that plaintiff's efforts resulted in a recovery for McAllister. Moreover, as the judge noted, because this was a contingency matter, it was not unusual for plaintiff not to have kept time sheets.

A-5960-17T2

Defendant's argument that plaintiff must name McAllister to recover his fees lacks merit. The judge found that although plaintiff could have named McAllister as a party, she was not a necessary party to the dispute between plaintiff and defendant. Plaintiff testified he did not pursue a claim against McAllister because she signed his retainer solely to confirm she was aware of the fee sharing arrangement between plaintiff and defendant. Moreover, plaintiff explained he did not pursue McAllister because she was only responsible to pay her attorneys their one-third share of the $45,000 settlement and fulfilled her obligation.

"The entire controversy doctrine is an equitable principle and its application is left to judicial discretion." 700 Highway 33 LLC v. Pollio, 421 N.J. Super. 231, 238 (App. Div. 2011) (citation omitted). The doctrine is designed to promote fairness to the parties, judicial efficiency, and complete and final dispositions by avoiding piecemeal litigation. DiTrolio v. Antiles, 142 N.J. 253, 267 (1995). In applying the doctrine, the "polestar . . . is judicial 'fairness.'" Wadeer v. New Jersey Mfrs. Ins. Co., 220 N.J. 591, 605 (2015) (quoting DiTrolio, 142 N.J. at 272).

The trial judge did not err when he concluded McAllister was not a necessary party to resolve this dispute. Employing the entire controversy

A-5960-17T2

doctrine to bar plaintiff's ability to recover from defendant for the work he performed would work an inequitable and unfair result.

Finally, we reject plaintiff's argument on cross-appeal that the trial judge should have awarded him $8781.04. The testimony at trial revealed the combined efforts of the parties yielded the settlement for McAllister. Plaintiff pursued Cohen, which produced the insurer, who defendant then negotiated with to secure a recoverable judgment for the client. In view of our deferential standard of review, the judge did not abuse his discretion when he determined plaintiff should not recover what amounted to sixty percent of the fees belonging to defendant, who tasked him only with recovering the judgment. The judge's findings are supported by the substantial credible evidence in the record and we decline to disturb them.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5960-17T2