**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0580-18T1

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff-Respondent,

v.

ANTHONY B. PUE, individually and
as natural guardian of CAMERON
PUE, a minor, CAMERON PUE,
and ALEXIS PUE,

    Defendants-Appellants.

_____

Submitted November 19, 2019 - Decided December 9, 2019

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey,
Law Division, Mercer County, Docket No. L-2084-14.

Anthony B. Pue, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

This is an interpleader action by Prudential Insurance Company over group life benefits provided to its insured, State employee Kathy Pue. While Pue was an active employee, her husband and two children were listed as the beneficiaries of her group life insurance policy. When she applied for a disability retirement on June 20, 2013, she made her husband, defendant Anthony Pue, the sole beneficiary. A week later, however, she submitted another beneficiary designation making defendant and their son joint beneficiaries.

After her death the following year, defendant objected to sharing the death benefit with his minor son. When defendant failed to provide documents in support of his claim, Prudential paid one half of the death benefit, $36,927.84, to him and advised him of the documents necessary to process payment of the remainder to his minor son.

Defendant renewed his objection to sharing the benefit with his son, claiming his wife was incompetent when she last changed the beneficiary form. Prudential's medical director reviewed the decedent's medical records and determined she may well not have been competent at the time she last changed the beneficiary designation in June 2013. That determination, however, also called into question whether she was competent the week before

2

when she applied for a disability retirement and designated defendant her sole beneficiary. Prudential thereafter advised defendant it considered both June 2013 beneficiary designations to be invalid, and would, instead, rely on the prior designation, which divided the benefit equally among defendant and the couple's two children. In light of its decision, the company sought reimbursement of $12,309.28 of the sum previously paid to defendant.

Defendant thereafter advised Prudential for the first time that he actually submitted his wife's disability retirement application as her attorney-in-fact. When Prudential could not confirm that the June 20, 2013 designation was submitted via a power of attorney or that defendant had a power of attorney granting him the authority to change the beneficiary designation to himself, it filed this action, depositing the remaining $36,927.84 due on the policy into court.

The court appointed a guardian ad litem for defendant's minor son, who filed a report with the court recommending that counsel be appointed for the minor. The court thereafter appointed counsel for defendant's son in September 2015. Although defendant failed to include that order in his appendix, the record makes clear the order provided for payment of fees from the proceeds of the policy on deposit with the court. Defendant thereafter

3

aggressively litigated the matter, including taking an interlocutory appeal on a procedural issue, which is not relevant here.

When defendant's son turned eighteen in December 2017, his counsel moved to be relieved and applied for an award of fees in accordance with the order appointing him. Defendant objected, claiming this court reversed the order appointing counsel for his son on defendant's interlocutory appeal. Upon review of counsel's certification of services, the judge awarded fees of $10,875 from the $36,927.84 it had permitted Prudential to deposit with the court.

Defendant thereafter renewed an earlier motion to have the remaining funds released to him, which was opposed by both his children. On the return date, the court again explained to defendant that this court did not overturn the order appointing counsel for his son. She also noted the counsel fee awarded was reasonable and less than the amount counsel had requested. Defendant thereafter agreed to settle the case with his children by dividing the $26,052.84 remaining, with each child receiving $10,000 and defendant receiving $6,052.84. The court entered an order directing distribution among counsel, defendant and his children accordingly.

Defendant thereafter filed a motion "to stay proceeding for attorney's fees," claiming, again erroneously, that the order appointing counsel had been

reversed by this court. He also argued he was not provided an adequate opportunity to object to the amount of the fees. The court denied the motion as moot, as the fees had already been disbursed.

On appeal, defendant argues that Prudential should have respected the power of attorney and awarded his wife's entire death benefit to him. He seeks reversal of the order permitting Prudential to deposit the policy proceeds into court, relieving it of any further liability and a remand to permit him to recover his "damages." He raises the following issues:

> I. THE TRIAL COURT ERRED IN GRANTING
> VERIFIED COMPLAINT TO PLAINTIFF
> BECAUSE PLAINTIFF BREACHED THEIR
> DUTY OF CARE TO DEFENDANT WHO WAS
> THE "POWER OF ATTORNEY" AT THE TIME
> DEFENDANT MADE THE CHANGE OF
> BENEFICIARIES.
>
> II. EVEN IF MY PLAINTIFF WAS UNAWARE OF
> THE CHANGE OF BENEFICIARIES CHANGE
> AND THE VALIDITY OF KATHY PUE
> HEALTH, WHAT PRUDENTIAL INSURANCE
> SHOULD HAVE DONE IS HONOR AND
> RESPECT THE DEFENDANT POWER OF
> ATTORNEY.
>
> CONCLUSION:
>
> DEFENDANT THEREFORE RESPECTFULLY
> ASK THIS COURT TO REVERSE THE TRIAL
> COURT'S ORDER GRANTING SUMMARY
> JUDGMENT TO PLAINTIFF, HOLD THAT THE

DEFENDANT IS THE POWER OF ATTORNEY IN THIS MATTER WHO IS OWED A DUTY OF CARE, AND REMAND THE MATTER FOR A TRIAL ON THE AMOUNT OF DAMAGES. ALTERNATIVELY, EVEN IF THIS COURT UPHOLDS THE TRIAL COURT'S DECISION THAT DEFENDANTS IS RESPONSIBLE FOR ATTORNEY FEES, THIS COURT SHOULD ADOPT THE FACT THAT THE DEFENDANT WAS EXERCISING HIS RIGHTS UNDER THE POWER OF ATTORNEY AT THE TIME OF THE BENEFICIARIES CHANGE, AND ALSO EXERCISING HIS RIGHTS IN ACCORDANCE TO N.J.S.A. 46:2B-8.3, DOCTRINE AND REMAND THE MATTER FOR A TRIAL SO THAT DEFENDANT CAN BE COMPENSATED FOR HIS LOSSES.

Having reviewed the record, we reject defendant's arguments, to the extent we understand them, as entirely without merit, not warranting discussion in a written opinion. R. 2:11-3(e)(1)(E). Defendant limited his appeal to three orders entered in 2018: awarding fees to court appointed counsel for the minor; distributing the sums on deposit with the court; and denying his request to stay. None of those orders implicates Prudential's decision to reject the beneficiary designations filed in June 2013.

Defendant makes no argument that the order appointing counsel for his minor son was improper or that counsel failed to render the services the court found necessary. Absent any argument from defendant that appointment of

6 A-0580-18T1

counsel was an abuse of discretion or the fees unwarranted, we decline to address the issue. See 700 Highway 33 LLC v. Pollio, 421 N.J. Super. 231, 238 (App. Div. 2011) (noting the requirement that parties make "an adequate legal argument" in support of their claims).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0580-18T1